796.   MONROE *v.* CITIZENS BANK OF ABBEVILLE.

POWELL, J.   The petition showing that the notice given the defendant to hold him liable for attorney's fees was not in compliance with the statute, the court erred in including in the judgment by default, which was otherwise properly rendered, the amount of attorney's fees claimed. The judgment is therefore affirmed, with direction that the sum adjudged against the defendant on account of attorney's fees be written off.

*Judgment affirmed, with direction.*

Complaint, from city court of Abbeville—Judge Nicholson.   August 23, 1907.

Submitted December 18,—Decided December 20, 1907.

The suit was for principal, interest, and attorney's fees, on notes containing a promise to pay "all costs of collection, including ten per cent. as attorney's fees, if collected by law or through an attorney at law." The suit was filed July 17, 1907, and was returnable to the August quarterly term of the court. The petition alleged, that "ten days before the filing of this suit, plaintiff served [the defendant] with a written notice that this suit would be filed upon said evidences of indebtedness, returnable to the February term, 1907, of this court, and that plaintiff would demand the attorney's fees provided in said notes." No defense was filed, and no evidence was introduced, and the court rendered judgment for principal, interest, and attorney's fees as provided for in the notes. The defendant excepted to the judgment for attorney's fees, contending that the petition did not show compliance with the act of 1900 (Ga. Laws of 1900, p. 53), as to notice, it not being alleged that notice was given of intention to bring suit to the August term, 1907.

*Martin Cannon,* for plaintiff in error.   *Hal Lawson,* contra.