### 2939. DONOVAN *v.* HOGAN.

1. The right of the plaintiff to recover costs as well as principal and interest upon his debt is in no wise conditioned upon any such proposition as that he shall wait until the return day of the court before filing suit, notwithstanding the statutory notice which is a condition to the recovery of attorney's fees has been given.
2. Notwithstanding that the plaintiff may have filed suit prior to the return day of the court, upon a promissory note on which he claims attorney's fees, the defendant may prevent a recovery of attorney's fees by tendering the amount of the debt on or before the return day of the court; but the amount of the debt in such cases includes principal, interest, and the accrued costs.
3. Where, on the return day of the court, a defendant who has been served with the statutory notice seeking to charge him with attorney's fees makes a tender of the principal and interest, but couples the tender with the condition that the plaintiff shall pay the costs which have accrued, the tender is not good, and is not sufficient to relieve the defendant from liability for attorney's fees.

DECIDED FEBRUARY 7, 1911.

Complaint; from city court of Atlanta—Judge Reid.　September 15, 1910.

*Edgar Latham,* for plaintiff.　*S. C. Crane,* for defendant.

POWELL, J. Hogan was indebted to Mrs. Donovan on a promissory note. On May 25, 1910, she, through her attorney, notified him that suit would be brought on the note to the July term of the court and that if he did not pay the amount due on the debt, on or before the return day of the court, attorney's fees also would be claimed, in accordance with the provision of the statute on that subject. The return day to the July term of the city court was June 14. On June 13 suit was filed. On June 14 Hogan tendered the principal and interest, but coupled the tender with the condition that he should not be required to pay the costs of the suit. The tender as made was rejected. The case came on for a hearing, and, upon this state of facts being agreed on, the court allowed the plaintiff a judgment for the principal, the interest, and the costs which had accrued up to the time of the tender, but disallowed attorney's fees. The plaintiff excepts to this ruling.

The right to recover costs in an action is in no wise dependent upon the plaintiff's waiting until return day to bring his suit. As to this feature, the return day is merely the last day on which the petition can be filed so as to make the case returnable to a particular term. If the contract sued on includes an obligation to pay attorney's fees, this obligation can not be enforced (to quote the act of 1900,—Acts 1900, p. 53, Civil Code (1910), § 4252), "unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same; provided, the holder of the obligation sued on, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought." It will be seen that the statute does not require the plaintiff to wait until return day to file his suit, in order to claim the attorney's fees, but that the defendant can relieve himself of this liability by paying the debt on or before the return day. Often it is very essential to the preservation of the plaintiff's rights that he should file his suit before the return day of the court. It may be that the defendant is about to leave the jurisdiction of the court, or that the plaintiff

desires to use his action as a basis for the issuance of a garnishment which could not be made available if the plaintiff were required to wait until return day of the court before bringing his suit. Many other exigencies will suggest themselves to the thoughtful mind as to why the legislature should not have made it incumbent upon the plaintiff to wait until return day to file his suit, in order to claim attorney's fees. Indeed, the law has evidenced much liberality to the defendant by providing that he shall have until the return day in which to relieve himself of the obligation to pay attorney's fees. When the debt is due, or the defendant otherwise subjects himself to the bringing of the action, the plaintiff may file suit, and costs accrue thereon as a part of the debt, by operation of law. This liability of being subjected to the payment of costs is one to which the defendant exposes himself by not paying the debt when it is due; and when once the suit is filed and the costs accrue, they become as much a part of the debt as the principal and interest. Therefore, for a defendant to tender the principal and interest, after costs have accrued upon the debt by operation of law, is not to tender the debt in full; and to tender the principal and interest on the condition that the plaintiff will pay the costs is a bad tender, because coupled with an unwarranted condition. The defendant could have relieved himself from the liability for attorney's fees in this case by tendering to the plaintiff unconditionally the principal and interest on the return day, because the rule for computation of attorney's fees allows the defendant to take credit for all payments made up to and including return day. See *Rylee* v. *Bank of Statham,* 7 Ga. *App.* 489 (67 S. E. 383). (As to the rule when suit is filed on return day and payment is made later on the same day, see *Holland* v. *Mutual Fertilizer Co.,* ante, 714.) But the defendant in this case neither paid the debt on or before the return day, nor made any legal tender of any portion of it. Therefore, the judgment of the court rendered upon the agreed state of facts should have included attorney's fees and costs as well as principal and interest; and the judgment is reversed, with direction that the judgment in the court below be so amended.

*Judgment reversed, with direction.*