3659. MUSGROVE *v.* LUTHER PUBLISHING COMPANY, for use, etc.

1. When it becomes necessary for the purpose of enforcing his rights, a party plaintiff may amend by substituting the name of another person in his stead, suing for his use.
2. The evidence demanded the verdict rendered, and there was no error in overruling the motion for a new trial.

DECIDED FEBRUARY 12, 1912.

Complaint; from city court of Miller county—Judge M. C. Edwards presiding. April 29, 1911.

*W. I. Geer,* for plaintiff in error.

*Bush & Stapleton,* contra.

POTTLE, J. During the March term of the city court of Miller county, a suit upon an open account, sounding, "The Phillips-Boyd Publishing Company *v.* L. L. Musgrove," was called for trial. Over objection of the defendant the plaintiff was allowed to amend its petition, by striking the name of the Phillips-Boyd Publishing Company as plaintiff and substituting in lieu thereof the name of D. E. Luther Publishing Company, suing for the use of the Phillips-Boyd Publishing Company. Exceptions pendente lite were duly filed to the order of the court allowing this amendment, and error has been assigned in this court upon these exceptions. It appears that the Luther Publishing Company had been adjudicated a bankrupt, and that its assets, including the account sued on, had been sold to the Phillips-Boyd Publishing Company.

1. Under the provisions of the Civil Code (1910), § 5689, the plaintiff had the right to amend its petition by substituting the name of the D. E. Luther Publishing Company, suing for the plaintiff's use. It was argued in the brief of counsel for both sides, and the record transmitted to this court shows, that the case was originally filed in the name of the D. E. Luther Publishing Company, as plaintiff; that at a previous term of the court, over objection of defendant's counsel, the plaintiff was allowed to amend by striking the name of this plaintiff and substituting that of the Phillips-Boyd Publishing Company, in its stead; and that exceptions pendente

lite were duly filed by the defendant to this ruling. Counsel for the plaintiff in error insists in his brief that, this original ruling being wrong, the court had no power at a subsequent term to correct the error by restoring the name of the original plaintiff as a party, suing for the use of the Phillips-Boyd Publishing Company. This position of counsel for the plaintiff in error is very probably correct, but there is no assignment of error in the present bill of exceptions which authorizes this court to pass upon such a question. As to this point the only complaint made in the bill of exceptions is that the court permitted the Phillips-Boyd Publishing Company to substitute the name of the D. E. Luther Publishing Company as plaintiff, suing for its use. We are compelled to deal with the case as if it had been originally brought in the name of the Phillips-Boyd Publishing Company. There is no merit in this assignment of error, and we can not look to the record for the purpose of ascertaining that an antecedent error was committed by the court, of which no complaint is made in the bill of exceptions.

2. The evidence demanded the verdict rendered, and there was no error in overruling the motion for a new trial.

*Judgment affirmed.*