5400.　 TOOLE *v.* COOK, administrator, for use, etc.

1. Where the transferee of a note is unable to maintain an action on it in his own name, his rights may be enforced by an action in the name of his assignor, suing for his use; and where an action on the note has been brought in his own name, an amendment naming the assignor as plaintiff, suing for his use, does not change the cause of action or substitute for the original plaintiff a new and distinct party. It merely truly characterizes the original plaintiff. The fact that the assignor is

the administrator of the estate of the original owner of the transferred note does not constitute an exception to this rule.

2. Where a statutory notice, given before the filing of a suit of the character stated above, for the purpose of fixing liability for attorney's fees as provided for in the note sued on, indicates that the suit is to be brought by the holder of the note, the notice is not rendered ineffectual by an amendment naming the assignor as plaintiff, suing for the use of the holder.

3. The filing of a plaintiff's petition, unless followed by proper service on the defendant, is not the commencement of a suit. Where notice of intention to bring suit on a promissory note stated that the suit would be returnable to the September term of the court, and the plaintiff's petition, though filed in due time for the September term, had no process attached to it and service was not made until after the court in November granted an order to perfect service for the December term, the notice was not a compliance with the statute making notice of intention to sue a prerequisite to the recovery of attorney's fees on the note. Notice naming a term preceding the term to which the suit is returnable will not suffice. A demurrer to that part of the petition which relates to the claim of attorney's fees should therefore have been sustained.

DECIDED SEPTEMBER 11, 1914.

Complaint; from city court of Miller county—Judge Geer. December 9, 1913.

*Bush & Stapleton,* for plaintiff in error. *P. D. Rich,* contra.

RUSSELL, C. J. Mrs. T. G. Jones brought suit in her own name against Joe Toole in the city court of Miller county on a promissory note for $1,000, due October 1, 1912. The note was payable to John Cook Sr., and on the back of it was the following: "Transfer within note to Mrs. T. G. Jones. May 16, 1913. W. C. Cook, Admr." The defendant demurred to the petition, on the ground that the note showed no title in the plaintiff. The plaintiff amended her petition by setting out that John Cook Sr. owned the note at the time of his death, that W. C. Cook was the administrator of the estate of John Cook Sr., that the note was duly transferred to Mrs. Jones by the administrator, and that the transfer was made without a public sale and without an order of court. The defendant filed a second demurrer, on the grounds that the petition failed to show that title had ever passed out of the administrator, and that it failed to show that the plaintiff purchased the note at administrator's sale, or that the note was ever sold under order from the court of ordinary. The plaintiff again amended the petition, by striking the first amendment, and making the suit proceed as in the name of W. C. Cook, administrator of the estate of John

Cook Sr., for the use of Mrs. T. G. Jones. The defendant de-murred generally to the petition as amended, on the ground that an administrator has no right to bring a suit for the use of any one, and demurred specially to the fourth paragraph, which relates to notice of intention to sue and to claim attorney's fees. It was con-tended in the demurrer, first, that attorney's fees were not col-lectible for the reason that the notice of the intention to sue was given in the name of the original plaintiff, Mrs. T. G. Jones, while by the amendment it was attempted to proceed in the name of an-other party for her use; and in the third ground of the demurrer it was contended generally that the notice was "insufficient in law to bind defendant for attorney's fees." The court overruled the demurrer and the defendant excepted.

1.  We are of the opinion that there is no merit in that part of the demurrer which attacks the petition on the ground that the administrator had no right to sue for the use of the plaintiff. "When it becomes necessary for the purpose of enforcing his rights, a party plaintiff may amend by substituting the name of another person in his stead, suing for his use." *Musgrove* v. *Luther Pubg. Co.,* 10 *Ga. App.* 650 (73 S. E. 695) ; *Metropolitan Life Ins. Co.* v. *Morrow,* 10 *Ga. App.* 433 (73 S. E. 607) ; Civil Code, § 5689. "A party who brings a suit upon a chose in action  .  . [when] he has only the equitable title thereto, may amend his declaration by adding the name of the person who has the legal title, suing for his use." *Estes* v. *Thompson,* 90 *Ga.* 698 (17 S. E. 98). The fact that the assignor of the note sued on is the administrator of the estate of the original owner does not constitute an exception to this rule.

2.  Since such an amendment does not substitute for the original plaintiff a new and distinct party, but "merely truly characterizes the original plaintiff" (*Metropolitan Life Ins. Co.* v. *Morrow,* supra), the amendment in the present case did not render ineffectual the notice of intention to sue, given for the purpose of fixing lia-bility for attorney's fees, which indicated that the suit was to be brought by the holder of the note. The court therefore properly overruled the first objection made in the demurrer as to the notice of intention to sue.

3.  We are, however, of the opinion that the notice of intention to sue was for another reason "insufficient in law to bind the de-

fendant for attorney's fees," as was contended by the demurrer. The notice of intention to sue, a copy of which is attached to the petition, is dated June 5, 1913, and says: "We will file suit returnable to the September term of the city court of Miller county;" etc. The petition shows on its face that it was filed in August, but it appears that no process was issued and that no service was made until after the court, at an adjourned term in November, granted an order to perfect service for the December term of the court. In *Nicholas* v. *British America Assurance Co.,* 109 *Ga.* 621 (34 S. E. 1004), it was held: "Where a petition setting out a cause of action · has been filed and followed up by the issuance of process and service, the time of the commencement of the suit is the date of the filing. But where, after such filing, no process of any character was issued and annexed to the petition, nor waived, before the commencement of the term to which the petition was made returnable, there was in fact no suit pending." See also *Cherry* v. *North & South R. Co.,* 65 *Ga.* 633. As the notice in the present case stated that the suit would be brought to the September term, and as there was no suit returnable to that term, the notice did not comply with · the statute. Notice naming a term preceding the term to which the suit is returnable will not suffice. *Monroe* v. *Citizens Bank,* 3 *Ga. App.* 296 (59 S. E. 844).

The judgment of the court below is affirmed, with direction that, upon the further hearing of the case, the third paragraph of the defendant's demurrer be sustained, and that the fourth paragraph of the plaintiff's petition be stricken.

*Judgment affirmed, with direction. Roan, J., absent.*