### 13735. WHITE *v.* CHAMBERS, executor.

1. In a suit by the holder of a promissory note payable at a specified bank, for the recovery of principal, interest and attorney's fees as provided therein, a plea by the maker which alleges that notwithstanding a clause in the notice given under the terms of the Civil Code (1910), § 4252, by the holder to the maker, confirming the right of the maker to pay the note at the bank specified therein, the holder nevertheless on return day withdrew the note from the bank and filed suit thereon before the common and usual business hours of the bank, and that within the banking hours of the same day the maker tendered to the holder the principal, interest, and accrued costs; that the tender was refused solely upon the ground that attorney's fees

were not included, but that a continuance of the tender was waived, would set up a good defense as against the demand for the recovery of such attorney's fees.

2. As between the parties, under the particular facts stated, the return day in respect to the accrual of the defendant's liability for attorney's fees did not commence before the banking hours of the bank where the note was payable; and the suit filed prior thereto, even though upon the same calendar day, will be treated as if it were filed before the court's return day, with respect to the fixing of the defendant's liability for such fees. *Harris* v. *Powers,* 129 *Ga.* 74 (9) (58 S. E. 1038, 12 Ann. Cas. 475), *Holland* v. *Mutual Fertilizer Co.,* 8 *Ga. App.* 714 (70 S. E. 151), and *Laurens Cotton Co.* v. *American Trust & Banking Co.,* 20 *Ga. App.* 348 (2) (93 S. E. 43), distinguished.

3. Under the foregoing rulings, the answer of the defendant with the proffered amendment would have set forth a good defense to the plaintiff's demand for attorney's fees, and the trial court (the city court of Madison) erred in rejecting the amendment, and in thereafter sustaining a general demurrer to the answer.

DECIDED FEBRUARY 8, 1923.

Certiorari; from Morgan superior court — Judge Park. May 5, 1922.

*E. H. George,* for plaintiff in error. *Johnson & Foster, T. H. Burruss Jr.,* contra.

BELL, J. L. B. Chambers, as executor of J. P. Chambers, filed a suit against H. D. White as maker, upon twelve promissory notes for the principal sum of $1,000 each, besides interest and ten per cent. for attorney's fees, alleging that notice had been given to the maker by the holder of the intention of the latter to institute the action, returnable to the July term, 1921, of the city court of Madison, to which the suit was filed. The notes each contained the clause: "Payable at the First National Bank of Madison, Georgia." The defendant answered the suit in due course and one or more amendments were allowed. A demurrer to the answer, was filed by the plaintiff upon general and special grounds, but the amendments, and especially that to which we will later refer, were sufficient to satisfy the special demurrers. On August 20, 1921, an amendment was offered, which, in conjunction with the facts already alleged, would have set up those which are outlined briefly in the headnote. The plaintiff renewed the general demurrer and insisted that the answer would be subject thereto even with such an amendment as the defendant then offered. The court rejected the amendment and sustained the demurrer, and struck the defendant's answer as already theretofore amended. Judgment was then

entered against the defendant for the principal, interest, and attorney's fees sued for, and for costs. The defendant filed a petition for certiorari, attacking this judgment in so far as it gave a recovery for attorney's fees and alleging errors by the city court in refusing the amendment, and in sustaining the demurrer and dismissing the answer. The superior court overruled the certiorari, and the defendant excepts to this ruling.

If the amendment of August 20, 1921, had been allowed, the answer in whole would have alleged, among other things, that after the giving of the notice which the plaintiff alleged for the recovery of attorney's fees, a second notice was given by the plaintiff to the defendant upon the same date, identical in all respects with the first notice, except the additional statement in the second notice, " Payment may be made at the First National Bank of Madison, Georgia " (the bank at which the notes by their own terms were made payable) ; that he, the defendant, relied on this statement and undertook to pay the notes at this bank on the return day, which was June 14, 1921; that " The advertised and commonly known banking hours of said First National Bank . . are from 9 a. m., to 4 p. m. While the officers of said bank are often at said bank both before and after said hours and often transact business there for the accommodation of customers before and after said hours, they are not either by law or custom required to do so, and no person can reasonably expect to do business at and with said bank except during the banking hours aforesaid. At 9 o'clock a. m., or shortly thereafter, defendant through his attorney at law, E. H. George, Esq., went to said bank prepared to pay said notes in full and offered to pay the same to the cashier of said bank, who informed him that he could not accept payment for the reason that said notes had been removed from the custody of said bank by the plaintiff shortly after said cashier's arrival at the bank on that morning,—14, 1921;" that defendant's attorney then undertook to find the plaintiff or plaintiff's attorney and so engaged himself continuously for the purpose of tendering the amount due upon the notes, until both were found; that at 9:30 a. m., while in this search, the defendant's attorney ascertained at the court-house from the clerk of the city court that the suit had already been filed on said notes; that the plaintiff's attorney was located upon the streets at about 11 o'clock, but that

he was unable to give any information as to the whereabouts of the plaintiff, who, he stated, had the notes; that the plaintiff's attorney later stated he had located the plaintiff at his home but that he could not come to the bank until about 2 p. m. of the same day; that at this hour the plaintiff, the defendant, their attorneys, and the cashier of the bank met at the First National Bank in the director's room, when and where the defendant tendered to the plaintiff the full amount of the principal, interest, and accrued costs due upon the notes and the suit which had been entered; that the tender was refused because attorney's fees were not included, and that in a writing which is set forth in the answer the plaintiff, through his attorney, waived a continuance of the tender. It is further alleged by the defendant that, " Notwithstanding plaintiff's direction to defendant (in said second notice of June 4, 1921, on which defendant had the right to rely) to pay said notes at said First National Bank on the 14th day of June, 1921, plaintiff withdrew said notes from said bank on said day actually before the regular business hours of said bank, at once filed suit, and thereafter by his conduct rendered it impossible for defendant to pay said notes or tender payment thereof until betwen 2 and 3 o'clock on the afternoon of the same day;" also that " Plaintiff withdrew said notes from said bank and his attorney filed suit on said notes so early on the morning of the 14th of June, 1921, which was return day, that defendant was not given a reasonable time in which to pay said notes after said bank regularly opened for business on the morning of said June 14th, although plaintiff in said attorney's fees notice of June 4th had instructed defendant to pay off said notes at said bank;" and that " said notes were withdrawn from said bank and that suit was filed at or about 8:30 o'clock a. m., on said June 14, 1921."

Through his counsel it is vigorously contended by the plaintiff in error (who was defendant in the city court and petitioner for certiorari in the superior court) that the alleged tender was sufficient and was in time to prevent the accrual of any liability against him for the payment of attorney's fees. Counsel for Chambers, executor, the defendant in error, who was plaintiff in the city court and defendant in certiorari, rely upon *Harris* v. *Powers,* 129 *Ga.* 74 (9), and *Laurens Cotton Co.* v. *American Trust & Banking Co.,* 20 *Ga. App.* 348 (2).

In the first of the cases cited .the Supreme Court said: "The amending act adopted a different scheme, which was to require notice of intention to sue to be given at least ten days before suit should be brought, to allow the debtor until return day to pay the debt, and thus to save the creditor the necessity and expense of bringing suit at all. If he should voluntarily bring suit before return day, it would be at his own risk of being paid subsequently. To put the construction upon the act of 1900 which is insisted upon by counsel opposing the allowance of fees would make the act in substance conflict with itself. Thus it is required that the notice shall specify the term of the court to which suit will be brought. In order to bring suit to that term according to the notice, it must be brought on the return day at the latest. If it is not then brought, it can not be brought to that term, and a new notice would have to be given of a suit to another term. If the debtor is allowed until the last instant of the return day to make payment in order to avoid the necessity for the bringing of a suit, the incurring of attorney's fees, and the right to recover them, then the creditor could not know whether to bring his suit until after the return day had expired, and it was too late to sue. If the view above expressed of the purpose of the amendment is correct, it ought to be construed as a whole in harmony therewith. The right of the debtor to pay on or before return day and the necessity for the creditor to sue on that day should both be considered in construing the act. In this light we think that the proper construction is that the debtor should have until return day, and as much of that day as may elapse until the suit is actually filed." In the next case it was said:

"Where notice is given, in accordance with the act of 1900 (Civil Code 1910, § 4252), of an intention to bring suit upon a promissory note which provides for the payment of attorney's fees, and where suit is not filed until the last return day of the term of court specified in the notice, tender of the principal and interest upon the note on that day, but after the suit has been filed, will not relieve the debtor from the obligation to pay attorney's fees." In this ruling the Court of Appeals quoted verbatim from its prior decision in *Holland* v. *Mutual Fertilizer Co.*, 8 *Ga. App.* 714.

It is replied by the plaintiff in error that the decision in *Harris* v. *Powers*, supra, is not only obiter, but is unsound; that the same

is true of the decision in *Holland* v. *Mutual Fertilizer Co.,* supra, and that this was only adding obiter upon obiter, and fallacy upon fallacy; that the decision in *Laurens Cotton Co.* v. *American Trust & Banking Co.,* supra, is but an outgrowth of an error which was planted in *Harris* v. *Powers,* supra, and that such error ripens here finally into a direct declaration of the law.

We are of the opinion that the answer as it was sought to amend it set up a valid defense as against the demand for attorney's fees, and are satisfied that under the facts which are pleaded therein such ruling will not in any way impinge upon or violate the spirit of any of these decisions; so that the question of the merit of the criticism which is made upon them by plaintiff in error does not necessarily enter the present inquiry. The decision in *Harris* v. *Powers,* supra, does not deny the right of the debtor to have some part of the return day in which to pay the debt and thus to avoid a liability for the fees, but may be reasonably interpreted to mean that the debtor must pay by such time as will " save the creditor the necessity and expense of bringing the suit." It is said therein that a proper construction of the act of 1900 (Civil Code of 1910, § 4252) is that the creditor shall have until return day and as much of that day as shall actually elapse until the suit is filed. This code section is as follows: " Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same; provided, the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought."

While it is shown in the record in the case of *Laurens Cotton Co.* v. *American Trust & Banking Co.,* supra, which we have examined, that the suit was filed on the return day between 8 and 8 :30 a. m., and that the tender was not made until 2 p. m., of the return day, and while the note was payable at any bank in Dublin, the banking hours of no bank were shown, and the point was not made that the note was payable within hours not beginning until after the filing of the suit. The facts therein dealt with are there-

fore clearly distinguishable from those of the case now before us. The crucial point which is now presented was in no wise raised in that case.

It is our opinion that the instant case comes directly within the ruling in *Donovan* v. *Hogan, 8 Ga. App.* 754 (2) (70 S. E. 153), in which it is stated that " Notwithstanding that the plaintiff may have filed suit prior to the return day of the court, upon a promissory note on which he claims attorney's fees, the defendant may prevent a recovery of attorney's fees by tendering the amount of the debt on or before the return day of the court; but the amount of the debt in such cases includes principal, interest, and the accrued costs." While the declaration quoted appears itself to be obiter, we think it is sound, and at the same time consistent with the other decisions referred to.

As already seen in the quotation from *Harris* v. *Powers,* supra, it is also said in that case that " if he (the plaintiff) should voluntarily bring suit before return day, it would be at his own risk of being paid subsequently."

What is the return day ? With respect to the court, and generally, it is the last day on which a suit may be filed to a given term of the court, but with respect to the contractual rights of the parties in a given case it may be whatever they contract it to be. These notes were by their own terms payable at the First National Bank of Madison, Ga. The parties so contracted, and this was a material provision of the contract. On the same day of the notice which the plaintiff alleges was served upon the defendant (done under the provisions of section 4252 of the Civil Code) a second notice was given, declaring that payment might be made at the bank mentioned in the notes, thus assuring the debtor that the creditor would abide the stipulations of the notes, even if he could have done otherwise. Whether the banking hours were actually known or contemplated by the parties at the time of the execution of the contract, they are to be charged with such knowledge, and should be held to have contracted with reference thereto. 3 R. C. L. page 1195. They contracted to accept the customary and common hours of the bank in so far as the particular paper is concerned, by making it payable thereat. The return day as between these parties then could not begin until the arrival of the business hours of the First National Bank of Madison. As intimated

above, the parties could not by contract change the extent of the return day generally in so far as the court is concerned, but as between themselves the day is coextensive with the business hours of the institution where they have stipulated to transact the business of paying and receiving payment under the notes in question, especially as regards the *maturity* of the conditional obligation for the payment of attorney's fees.

It being alleged that the notes were withdrawn on the return day and suit filed thereon prior to the business hours of the bank, the case must turn upon the principles announced in the case of *Donovan* v. *Hogan,* supra, for the reason that the suit must be held to have been filed not on the return day, but before the return day, as between the parties under the special provisions of their contract, for the reason that it .was filed before any opportunity whatever was given to the maker to pay the notes on the return day within the business hours of the bank, as the maker had the right to do under the stipulations of the notes as to the place of payment, and the second notice which was given him, before being held liable for the attorney's fees as a consequence of a failure to pay on the return day. If the suit had not been filed until after the business hours of the bank began, then a wholly different case would have been presented. See, in this connection, *Dougherty* v. *Western Bank of Georgia,* 13 *Ga.* 287 (2) ; *Farmers Bank of Nashville* v. *Johnson,* 134 *Ga.* 486 (68 S. E. 85, 30 L. R. A. (N. S.) 697, 137 Ann. St. R. 242) ; 4 Am. & Eng. Enc. Law, 373.

" If a bill or note is made payable at a bank, the holder must present it during banking hours. . . If no particular bank is named, the hour will be determined by the usual banking hours at the bank or several banks in the place where the note is payable." 7 Cyc. 982. While this probably refers to the prerequisites of a protest, we think it supports upon principle the position we have taken. See also 3 R. C. L. 1195; 28 Am. & Eng. Enc. Law (2d ed.) 22.

We do not go so far as to hold that the business hours of the bank are to be the only hours for payment, or that the bank named is the sole place of payment, at all events, after maturity. But dealing as we are with the *maturing* or ripening of an additional liability, conditional at first, for the payment of attorney's fees, we hold that the place expressly named, and the hours thereby im-

pliedly fixed, in view of the second notice from the plaintiff having the effect of confirming them both, must be regarded, in determining whether or not the suit was filed as to the notes before attorney's fees became a liability absolute, and whether with reference to the provisions of the notes in question the filing was before the return day commenced.

The defendant's tender was in all respects sufficient both in the items covered and in the time when it was made; and we believe that this ruling is not in conflict with cases to which we have referred. Of course, it must be understood that we are dealing only with pleadings, and what we have treated as facts are but the allegations of the defendant's answer, and of the amendment which was by him offered. His plea, in order to be ultimately availing, must be established by proof. We hold that he should have been allowed to amend as he offered to do, and that the trial court committed error in rejecting the amendment and in subsequently sustaining the general demurrer of the plaintiff to the answer. The superior-court judge likewise erred in overruling the certiorari. *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*