ATLANTIC COAST LINE RAILROAD COMPANY *v.* SINGLETARY.

HILL, J. Construing the first question propounded by the Court of Appeals to ask whether the facts recited therein, without more, as a matter of law, demand the inference that the plaintiff was guilty of laches in not prosecuting the issue made by the entry of service and the traverse thereto to an earlier determination, and in prosecuting the application to the court for an order designating the next succeeding term of court as the appearance term and directing the issue of a new process and the perfection of service returnable thereto, we answer this question in the negative. Under the first question propounded by the Court of Appeals, when the traverse to the return of the sheriff was filed, the plaintiff was entitled to a determination of that issue, even though there was an agreed statement of facts from which the court would be authorized to find as a matter of law that the service was not had upon the proper person; and where, *immediately* after such trial and judgment of the court finding that the service was not good, an order for further service was requested, it can not be said that these facts without more, as a matter of law, demand the inference that the plaintiff was guilty of laches in not prosecuting the issue on the traverse to an earlier hearing. This case is different in its facts from those cases where there was no return and entry of service, and several terms of court had elapsed before an order was asked for service. The answer to this question makes it unnecessary to answer the second question propounded by the Court of Appeals.

*All the Justices concur.*

No. 4224. FEBRUARY 20, 1925.

The Court of Appeals requested (in Case No. 14495) instruction from the Supreme Court upon the following questions:

"1. Where a cause of action for a personal injury accrued on March 17, 1917, against a non-resident railroad company (incorporated under the laws of Virginia), the possession and control of all of whose lines of railroad, properties, and offices, in this State, vested in the director-general of railroads on December 28, 1917, by virtue of the presidential proclamation of December 26, 1917,

made under the authority of the act of Congress of August 29, 1916, and where a suit based upon such cause of action was filed on April 19, 1918, in the county in this State in which the cause of action originated, on which last-named date an entry was made on the petition by the sheriff, reciting service upon the defendant railroad company by leaving a copy of the petition and process with its agent (naming him) 'in charge of its office' in the county in which the suit was filed, which entry was duly traversed in connection with a plea in abatement filed on October 30, 1918, in which traverse the agency was denied, and where on February 2, 1922, the parties, for the purpose of a trial, whenever to be had, of the issue formed by the traverse, entered into a stipulation and agreed statement of facts from which it appeared conclusively and as a matter of law that the person named in the entry as the defendant's agent was not its agent as recited in the entry, and that the traverse whenever tried must certainly be sustained, and further that the defendant, during Federal control, from December 28, 1917, to March 1, 1920, had no office or agent in this State upon whom service of process might be perfected, but that it did have such agent in the county of the suit from and after the termination of Federal control, and where on February· 24, 1923, a finding and judgment, based upon the agreed statement, setting aside the entry and sustaining the traverse, was rendered by the trial judge, who acted by agreement as the sole trior, there having intervened and passed six terms of court after the termination of Federal control, and two terms after the making of the agreed statement of facts, before the rendition of such finding and judgment, and where, instantly upon the rendition of the above-mentioned finding and judgment of February 24, 1923, the plaintiff made and presented an application to the court for an order designating the next succeeding term of court as the appearance term and directing· the issuance of a new process and the perfection of service returnable thereto,—did these facts without more, as a matter of law, demand the inference that the plaintiff was guilty of laches in not making and prosecuting such application earlier?

"2. If the preceding question is answered in the affirmative, would the laches so to be inferred be such as necessarily and as a matter of law should preclude the grant of the application actually made as above stated?"

*Bennet, Twilty & Reese* and *Drawdy & Huxford,* for plaintiff in error.

*C. E. Hay* and *E. K. Wilcox,* contra.