### 16607. RUSSELL *v.* LIFE INSURANCE COMPANY OF VIRGINIA.

1. Where a suit was filed and made returnable to a certain term, and process was duly issued thereon, and where the plaintiff's attorney, at the second term, on discovering that the suit had not been served, applied to the court for an order to perfect service, and the order was granted, in which the next succeeding (or the third) term was made the return term, and there is no evidence to show that the plaintiff's attorney was guilty of laches, it can not be said by this court that such order should not have been granted; and where, in pursuance of such order, the defendant then was served, and, because of a defect in the process, the service was irregular and defective, but not void, the trial judge was authorized to hold that the plaintiff was not guilty of neglect in making no effort to procure further and perfect service prior to an adjudication

that the service as made was not sufficient. Where, on such adjudication being made several terms later, the plaintiff took immediate steps to obtain legal and proper service, and the same was made, the court did not err then in refusing to dismiss the petition for want of service.

2. Where a notice to the defendant of the holder's intention to bring suit on a promissory note, providing for the payment of attorney's fees, stated that the suit would be filed in a certain court, returnable to the September term, 1922, and where, although the petition was filed in due time for the September term, service was not made until after the court at the December term, 1922, granted an order to perfect service, and making the following March, 1923, the appearance term, the defendant was not given the notice necessary under the Civil Code (1910), § 4252, in order for the plaintiff to recover the attorney's fees. Notice naming a term preceding the term to which the suit is finally made returnable will not suffice. The demurrer to that part of the petition which related to the claim of attorney's fees should have been sustained.

(a) The court having erred in not sustaining the demurrer attacking the claim for attorney's fees, the judgment will be affirmed, provided the plaintiff, at the time the remittitur from this court is made the judgment of the court below, will strike that part of the recovery relating to attorney's fees. Otherwise the judgment is reversed.

DECIDED NOVEMBER 18, 1925.

Complaint; from Barrow superior court—Judge Stark. April 30, 1925.

*G. A. Johns, H. H. Chandler,* for plaintiff in error.

*W. H. Quarterman,* contra.

BELL, J. This action was filed in the superior court of Barrow county which has four regular terms of court yearly. By an act approved August 18, 1923, pending the litigation, the times for holding court were changed. See Ga. L. 1923, p. 63. This statement will obviate the confusion which might otherwise arise from the following statement as to the terms of court. The suit was filed and process was issued thereon to the September term, 1922. No service having been made in the meantime, the plaintiff's attorney, on learning of this fact, applied to the court at the next succeeding term, being the December term, 1922, for an order to perfect service, and the judge granted an order as follows: "It being made to appear to the court that there has been no service of copy under this petition, it is thereupon ordered by the court that service of copy hereof be now made, and that the March term, 1923, be made the appearance term of this case." It will be noticed that this order did not provide in express terms for an amendment of the process. The defendant was served on Decem-

41

ber 26, 1922, with a copy of the petition and of the old process calling upon him to appear at the preceding September term. At the March term, 1923, he appeared and made a motion to dismiss the suit, on the ground that the attempted service was void, because there was no process requiring him to be and appear at the March term, 1923. Nothing further was done in the case until the April term, 1924. At this term the court ruled that no proper service had been made, but passed an order making the following July term the appearance term, and directing the clerk to issue a new process, returnable thereto, and requiring that service of a copy of the petition and of all orders and of the new process be made upon the defendant fifteen days before the July term, 1924; and service was made accordingly. The court also, at the April term, 1924, overruled the defendant's motion to dismiss the action, filed at the March term, 1923, and the defendant duly excepted pendente lite. At the April term, 1925, the case came on for trial and resulted in a directed verdict in favor of the plaintiff for the principal, interest, and attorney's fees as sued for, and the defendant has brought the case to this court for review. In the bill of exceptions the defendant has assigned error on his exceptions pendente lite to the overruling of his motion to dismiss the action, and also upon a judgment at the term of the trial, overruling a demurrer theretofore duly filed by him, attacking so much of the petition as sought a recovery of attorney's fees. There is no contention that the evidence at the trial did not demand the verdict.

It is within the power of the judge of the superior court at the appearance term or at a subsequent term, where due diligence is shown, to grant an order allowing a new process to issue, and directing that the defendant be served, where service has not been previously made. *Rowland* v. *Towns,* 120 *Ga.* 74 (2) (47 S. E. 581). In the absence of evidence showing that the plaintiff had been guilty of neglect, this court can not say that the trial judge should not have granted the order at the December term, 1922, directing that the succeeding March term, 1923, should be the appearance term, and that the defendant should be served for that term. And as to the subsequent proceedings, the plaintiff having applied at the second term for an order to perfect service, and service of a copy of the petition and the original process having

then been made, such service, though irregular, was not void and could have been amended, although the "clerk neither changed the date of the original process nor appended a new process, nor did he attach this order to the original writ and copy." *Baker* v. *Thompson,* 75 *Ga.* 164. This being true, the present case is distinguishable from *Union Marine Fire Ins. Co.* v. *McDermott,* 31 *Ga. App.* 676 (121 S. E. 849), in which the process attached to the petition was held to be void, and in which, therefore, the rule was applicable that the judge had no authority at or after the return term to order a process to issue where none whatsoever, or only a void process, had been previously issued. The case is also unlike that of *Nail* v. *Popwell,* 32 *Ga. App.* 20 (122 S. E. 632), because in that case there was *no service or entry of service.* As was said by the Supreme Court in *Atlantic &c. R. Co.* v. *Singletary,* 159 *Ga.* 805 (126 S. E. 794), "This case is different in its facts from those cases where there was no return and entry of service, and several terms of court had elapsed before an order was asked for service." Since the plaintiff moved at the second term to have service perfected, and since the service then ordered to be made for the next ensuing term was only defective, and not void, this court can not hold that the plaintiff was guilty of laches in not asking for further service before the trial court had adjudicated that the service that had been made was insufficient. We are of the opinion that the case is controlled by the decision of the Supreme Court in the *Singletary* case above cited.

2. The second headnote requires no elaboration. See *Toole* v. *Cook,* 15 *Ga. App.* 133 (3) (82 S. E. 772).

*Judgment affirmed on condition. Jenkins, P. J., and Stephens, J., concur.*