22855. ADAMS *v.* FARMERS & MERCHANTS BANK.

DECIDED SEPTEMBER 4, 1933.

*M. F. Adams,* for plaintiff in error. *S. T. Wingfield,* contra.

SUTTON, J. The sole question raised in the bill of exceptions from a judgment in favor of the plaintiff bank on a promissory note, containing a usual 10 per cent. attorney's fee provision, is whether, as a matter of law, under the record and stipulated facts, the plaintiff was entitled to recover such fees. On February 12, 1931, more than 10 days before filing suit, the plaintiff duly served the defendant with notice in proper form of its intention to bring suit on the note to the March term, 1931, of Putnam superior court (this being more than 10 days before the return day of that term of court). On February 24, 1931, in due time for process to be served on the defendant before the March term, the suit was filed with proper process returnable to that term. Without fault of the plaintiff, the defendant was not served until March 5, 1931, prior to the March term, but too late to require at that term the defendant's appearance, which by operation of law was deferred until the next succeeding term, in September, 1931. On August 19, 1931, the plaintiff duly served the defendant with a second notice, reciting the above facts and that delayed service had caused the September term, 1931, to become the appearance term, and requiring payment of the note on or before the return day of the latter term. The superior-court judge, sitting by agreement without a jury, and passing upon these undisputed facts, entered a judgment for the plaintiff for an amount including the attorney's fees.

By an amendment of the original law governing the service

of process, it was provided that, "whenever process is not served the length of time required by law before the appearance term, such service shall be good for the next succeeding term thereafter, which shall be the appearance term." Acts 1884-5, p. 103; Civil Code (1910), § 5570. Under this statute, it is necessary for the sheriff to serve the papers before the beginning of the term as fixed in the process, in which event they need not be served "the length of time required by law before the appearance term," and then automatically by the provisions of law, the "next succeeding term" is substituted for the original appearance term. *Peck* v. *LaRoche*, 86 *Ga.* 314, 317 (12 S. E. 638). But where there is such service, the original process remains vital and effective and requires no additional order of court for its amendment or service. The status and effect of the original suit and process are unchanged except as provided by the statute, which in no way modifies the rules of law fixing the time when the suit shall be deemed to have been commenced, or the term to which it shall be considered to have been brought.

"Upon every petition the clerk shall indorse the date of its filing in office, which shall be considered the time of the commencement of the suit." Civil Code, § 5551. This means that the actual date of filing shall be deemed the time of commencement of the suit. In *Jordan* v. *Bosworth*, 123 *Ga.* 879, 880 (51 S. E. 755), it was held that "there is no substantial difference between *bringing* a suit and *commencing* a suit," and that section 4359 of the Civil Code, fixing a limitation when certain "actions . . shall be *brought*," is controlled by section 5551, defining what time shall be considered the "commencement" of a suit. The Supreme Court has further held that, when valid process has been issued and annexed to the petition, which sets out a cause of action, and the filing is followed by service of the process, "the time of the commencement of the suit is the date of its filing," and the service, when made, relates back "to the date of the filing of the petition, which will be treated as the commencement of the suit." *Nicholas* v. *British America Assurance Co.*, 109 *Ga.* 621, 624 (34 S. E. 1004); *Brunswick Hardware Co.* v. *Bingham*, 110 *Ga.* 526, 528 (35 S. E. 772); *Cox* v. *Strickland*, 120 *Ga.* 104 (7, 10), 114 (47 S. E. 912, 1 Ann. Cas. 870); *Church* v. *Church*, 151 *Ga.* 98, 101 (106 S. E. 114). The petition and process in the instant case having been

duly filed to the March term, 1931, and followed by service prior to that term but too late to require the defendant's appearance until the next succeeding term, under section 5570, which was the September term, 1931, the suit must be deemed to have been commenced when it was filed and to have been "brought" to the March term, 1931.

■ "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement . . unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is *brought* for the collection of the same: Provided, the holder of the obligation sued upon, his agent, or attorney, notifies the defendant in writing, ten days before suit is *brought,* of his intention to bring suit, and also the term of the court to which suit will be *brought."* Civil Code, § 4252. The statute thus makes the return day and the term to which the "suit is *brought"* the determining factor in allowing attorney's fees. Since, under the preceding rules, this suit must be considered as having been "brought" to the March term, 1931, and not to the September term, 1931, the notice, which informed the defendant that the plaintiff would "bring suit . . to the March term, 1931," was effective and afforded a sufficient basis for the recovery of attorney's fees. See *Loftis* v. *Alexander,* 139 *Ga.* 346 (3), 350 (77 S. E. 169, Ann. Cas. 1914B, 718) ; *Kitchens* v. *Molton,* 172 *Ga.* 690 (6) (158 S. E. 570) ; *Holland* v. *Mutual Fertilizer Co.,* 8 *Ga. App.* 714 (70 S. E. 151) ; *Laurens Cotton Co.* v. *American Trust &c. Co.,* 20 *Ga. App.* 348 (2) (93 S. E. 43) ; *Donovan* v. *Hogan,* 8 *Ga. App.* 754, 756 (70 S. E. 153).

The cases relied upon by the plaintiff in error in his strong and able brief have not been overlooked, but have been fully considered. *Monroe* v. *Citizens Bank of Abbeville,* 3 *Ga. App.* 296 (59 S. E. 844), is readily distinguishable from this case by its entirely different state of facts. In *Toole* v. *Clark,* 15 *Ga. App.* 133 (3), 136 (82 S. E. 772), while the notice stated that suit would be filed to a September term, and the petition was filed in August, "no service was issued and . . no service was made until after the court, at an adjourned term in November, granted an order to perfect service for the December term;" and consequently there was in fact no suit pending or filed returnable to the September term, as the no-

tice informed the defendant. In *Russell* v. *Life Ins. Co. of Va.*, 34 *Ga. App.* 640 (2), 642 (130 S. E. 689), the notice stated that suit would be filed returnable to the September term, 1922, but it appears from the opinion that the process and the service were attacked by the defendant, that, although the petition was filed in due time for the September term, service was not made until after the court at the December term, 1922, granted an order to perfect service and making the March term, 1923, the appearance term, and that the court at the April term, 1924, ruled that no proper service had been made, entered an order making the July term, 1924, the appearance term, and directed the clerk "to issue a *new process*, returnable thereto," and that service was not made of such new process until 15 days before the July term, 1924. In the instant case, there was no new process, and no change or need for change, under the statute, of the original process, which was duly served, and the suit was "brought" as the notice specified and the statute controlling attorney's fees required.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*