ENOCH STEADMAN, plaintiff in error, *vs.* JAMES P. SIMMONS, defendant in error.

1. The granting or refusing a continuance, is a matter in the sound discretion of the Court, and that discretion will not be controlled by this Court except in cases of manifest abuse.

2. The Relief Act of 1868 does not apply to contracts made, or notes given on settlement of accounts since first June, 1865, and it is not error in the Court to rule out the evidence offered to support the usual relief pleas, when filed to a note so made since June, 1865.

3. A defendant when sued may acknowledge service, and waive copy, process and filing in office before the session of the Court, and he will not afterwards as against the plaintiff, be heard to object that the writ was not filed twenty days before Court.

4. It is not error in the Court when the jury return an informal verdict, to permit the counsel for the plaintiff in whose favor it is found, to write out a proper form in accordance with their intention, in their presence and in the presence of the Court, and the opposing counsel. But if counsel for defendant objects, and the Court sends the jury back to their room to make the calculation, and put their verdict in form, and they do so, and find interest on the principal sum in favor of the plaintiff, when he does not claim interest, the Court may, by order, allow the plaintiff to write off the interest and sign judgment for the principal sum only, without interest.

5. As this Court is satisfied from the record and facts of this case, that the defence set up to these notes was intended for delay only and that the case was brought to this Court for that purpose, we award to the plaintiff in the judgment rendered in the Superior Court against the defendant, the sum of $758 55 damages, being ten per cent. upon the amount of the judgment rendered in favor of plaintiff in the Court below.

Continuance.   Practice.   Damages.   Before Judge GREEN.
Newton Superior Court.   September Term, 1869.

On the 7th of June, 1866, Steadman delivered to Simmons his two promissory notes, by one of which he promised to pay Simmons or bearer $7,000 00 twelve months after date, and by the other of which he promised to pay Simmons or bearer $800 00 one day after date.   On the small note Steadman paid $114 50 on the 19th of September, 1866, and $100 00 on the 1st of November, 1866.   Simmons made out his petition against Steadman on said notes, and on the 10th of February, 1869, Steadman, in writing, acknowledged service

of the petition, waived copy, process and filing in office before Court. It averred that the notes were given for a tract of land therein described, for which Simmons gave Steadman his bond for titles, and no interest was claimed.

Steadman plead the general issue, and that the consideration of said notes were old notes and settlements of accounts made prior to June, 1865, during the war, when Confederate currency was greatly depreciated; part of this was for stock in the Gwinnett Manufacturing Company, in 1862, during which year such currency was depreciated to two to three for one in specie; part for the purchase of a slave in 1863 for $1,500 00 or $1,600 00, and the balance was for other transactions, when such currency was of but little value, and that after the war Simmons made the calculations, and he, Steadman, made the notes sued upon, relying upon Simmons' statement as to the correctness of the amount. Further, he desired the benefit of the "Relief Law of 1868," wished the price of the slave taken off, and the remainder of the notes reduced according to said law. This was verified by Steadman at March Term, 1869. At the succeeding term said cause was called for trial. Steadman was away, and his counsel moved for a continuance. They stated that Steadman intended being at Court and defending this cause, that his family, the last week, said he would return in time, and it was supposed he was sick. They produced a letter from Steadman, from Rhode Island, in which he said: "Yesterday (17th September, 1869,) I had seven teeth extracted, was put to sleep, etc. On Monday I will send you the excuse for not attending Court. I couldn't go to see the man to-day, though I am much better than I expected I should have been." They said they had telegraphed him, and hourly expected an answer, and were looking for the excuse promised by the letter, and doubted not that he was sick; that they could not well go to trial without his presence, which was essentially necessary for the defense.

The Court refused to continue the cause. They then asked a postponement till they could hear from him, but this was refused.

Steadman *vs.* Simmons.

Plaintiff's counsel read the declaration, and tendered the notes in evidence. Defendant's counsel then objected to proceeding because that was not the trial term of the cause, said writ never having been filed in office. On the declaration was an entry by the Clerk that it was "filed at and during March Term, 1869," but it was not dated. The Court overruled the objection. They then offered to show that the declaration was never handed to the Clerk until during September Term, 1869. The Court would not allow them to furnish the evidence. The note was read in evidence.

Defendant's counsel offered to show, by A. B. Simms, that said notes were given for land, of which Simmons was still in possession, and over which he was exercising acts of ownership. This was objected to because it was not according to the plea. The objection was sustained. They then offered to amend the plea and swear to it, defendant being out of the State. Plaintiff's counsel objected, that their verification was only allowed when defendant *resided* out of the county. The objection was sustained. They then introduced plaintiff, who stated that both of said notes were given for land, of which he was still in possession, having given a bond for titles. Plaintiff's counsel moved to rule out this evidence, because it was irrelevant under the plea. Defendant's counsel insisted that under the averment in the declaration, and the plea of the general issue, the evidence was admissible. The Court refused to rule out the evidence. Defendant's counsel then said they would withdraw the witness and all the testimony, and claimed that they were entitled to conclude the argument, because they had given in no evidence. The Court ruled that plaintiff's counsel were entitled to conclude the argument. The Court charged the jury that if they believed from the testimony that Steadman made the notes, they should find for plaintiff for principal, interest and costs. The jury returned "for plaintiff for principal, interest and costs, deducting the credits." Plaintiff's counsel proposed to change the form of the verdict, and wrote out another, before the jury, on the declaration, which was signed by the foreman. Defendant's counsel objecting to this, the

Steadman *vs.* Simmons.

Court ordered the jury to return to the jury-room and make a verdict. Before they left, plaintiff stated that he did not claim any interest, "as that was not the agreement." The jury retired, and returned a verdict for plaintiff for $8,834 55, with costs. Plaintiff asked the Court to allow him to take an order, remitting part of the recovery, and entering judgment for only $7,585 50 and costs. This was allowed over the objection of defendant's counsel, and the judgment was entered for the last named sum.

It is claimed that each of said rulings against the defendant was erroneous, and that for them and the remark and conduct of plaintiff as to the change of the verdict, a new trial should be had.

A. B. SIMMS, CLARK & PACE, for plaintiff in error, cited as to continuance, 15th Ga. R., 306; 21st, 576; 27th, 411; 28th, 183; 37th, 307; Constitution of 1868, Art. 5, sec. 3, par. 3; as to the filing of the writ, Irw. Code, secs. 3257, 3262; 13th Ga. R., 217; 16th, 194.

JAMES P. SIMMONS, for himself, asked for damages upon the ground that the cause was brought up for delay.

BROWN, C. J.

1. After a careful examination of this record, we are satisfied there was no such abuse of his discretion by the Judge who tried this case, in the Court below, as will authorize us to reverse the judgment and order a new hearing, because he refused to grant the continuance upon the showing made. The granting or refusing to grant a continuance, is a matter within the sound discretion of the Court; and that discretion will not be controlled in this Court, so long as it is not manifestly abused.

2. We see no error in the judgment of the Court in reference to the evidence. There was legally no plea except the general issue in this case, which under section 3406 of the Code is considered as filed in all cases which are answered at the first term. The special plea alleges that the notes were

executed since·June, 1865, in settlement of various dealings and accounts, between the plaintiff and defendant during the war, and defendant claims the benefit of the Relief Act of 1868.

In the case of *Smith vs. Belk et al.*, decided at this term, we held that a note given in 1866, in renewal of a former note for a debt due prior to June, 1865, is a new contract, and is not embraced in the Act known as the Relief Law of 1868, and that it was not error in the Court below to order the pleas filed under the Relief Act stricken, if they do not contain matter good as a defence, under the laws applicable to contracts made since June, 1865. That decision controls this case, and it was not error in the Court to refuse to hear evidence under a plea which was ńot applicable to the case at bar. I dismiss this part of the case with the remark, that no evidence was offered to prove that any part of the consideration of this note was a slave, or the hire of a slave. On the contrary, Colonel Simmons, the plaintiff, when introduced by the defendant, testified that both notes were given for land.

3. It was objected by the defendant, that the then term of the Court, was not the judgment term, but only the appearance term of the case, as the declaration was not filed twenty days before the last term of the Court. Upon the declaration was an acknowledgment in these words, "service acknowledged, copy, process, and filing before Court waived, February 10th, 1869," which was signed by the defendant. It was insisted by counsel for plaintiff in error, that a defendant cannot waive the time of filing the declaration in office. As between him and the plaintiff, at least, we see no reason why he may not waive the filing twenty days before Court. In this case, the service was acknowledged and the time of filing waived on the 10th of February, and the Court did not sit, till the third Monday in March, more than twenty days after the waiver was made; which shows that this was not an effort to make a case, brought after the expiration of the return day, returnable to the first term of the Court, which as against third persons could not be done.

4. The jury returned an informal verdict, and the Court permitted counsel for plaintiff, in presence of the Court, and of the counsel for the other party, to write out the proper form of a verdict in conformity to the intention of the jury. But on objection being made to this by the counsel for the defendant, the Court sent the jury back to their room to make the calculation, and write their own verdict, which after some delay, they did, and returned it into Court. The plaintiff stated, that he did not claim interest on the principal sum sued for; but the jury found for him both principal and interest. He then moved to be permitted to write off the interest and take a judgment for the principal, found by the jury without interest. The Court passed an order allowing this to be done, and this is complained of. We see no error in this. If a jury by mistake or otherwise, find more than the plaintiff claims, there is no reason for setting aside the verdict and granting a new trial, if the plaintiff will write off the excess and take a judgment for the sum to which he is justly entitled.

There were other points raised during the progress of this case, which we deem it unnecessary to notice. After an attentive consideration of the case made by this record, we are satisfied that there exists no legal defence to these notes, and that this case was brought to this Court for delay only. We therefore feel it to be our duty to award to the plaintiff in the Court below, against the defendant, the sum of seven hundred and fifty-eight dollars and fifty-five cents damages, being ten per cent. upon the amount of the judgment rendered in favor of the plaintiff in the Superior Court. We are satisfied from close observation that cases are not unfrequently brought up by bill of exceptions simply for delay. As we are unwilling to throw impediments in the way of parties who in *good faith* invoke the judgment of this Court for the protection and enforcement of their rights, we have been reluctant to exercise the power given us by the Code to award damages against parties who have brought their cases here for final adjudication. But we find in practice that nothing is regarded as settled by the decisions of this Court. Whenever

there is any considerable sum of money or much feeling involved in a case, no matter how well, or how often, the principles governing it have been settled or decided, the case is brought here, and the ingenuity of learned counsel is relied upon, to draw some hair-splitting distinction, between the former decisions of the Court, and the one at bar, which will at least protect the client against a judgment for damages, and afford him the necessary delay.   In view of this growing evil and of the vast increase of litigation springing out of it, we feel constrained to change the practice in this particular. We shall not, therefore, in future hesitate to award damages, when we are satisfied that the questions involved in the case, are governed by well settled rules of law which are known and well understood generally, by intelligent members of the legal profession.   We feel that this is due alike to the Courts, and to parties who are burdened and annoyed by vexatious and unfounded litigation.

Judgment affirmed.