## AMERICAN GROCERY COMPANY *v.* KENNEDY.

1. Where during the pendency of a claim case a motion was made to dismiss the levy, upon the ground that the judgment upon which the execution issued was void, which motion was overruled, and exceptions pendente lite were filed by the claimant; and where at a subsequent term of the court the case was tried upon its merits and resulted in a verdict in favor of the claimant, to set aside which verdict the plaintiff made a motion for a new trial; and where upon the hearing of such motion the trial judge, at the suggestion of the plaintiff's counsel, reviewed the judgment first above referred to, and reversing that ruling, denied the new trial, for the reason that the judgment upon which the execution was founded was void as against the claimant, and that as a consequence all the subsequent proceedings were nugatory: *Held*, that even if the action of the trial judge in reviewing the first ruling was irregular because of its not being within any of the exceptions taken in the motion for a new trial, yet, inasmuch as such ruling was made at the request and induced by the action of the plaintiff, he cannot, upon exception to the judgment overruling the motion for a new trial, be heard to urge that the court had no jurisdiction to render

the judgment which he himself invited, and of which he now seeks to complain.

2. While the commencement of an action is indispensable to the rendition of a judgment, and ordinarily the filing of a writ is indispensable to the commencement of an action, yet a defendant may, in so far as it affects himself, waive the statutory period within which the writ is by law required to be filed, and thus voluntarily submit to the jurisdiction, and subject himself to a judgment; but such waiver does not bind third persons, nor confer such jurisdiction upon the court as will authorize it to render a judgment which will affect them; and a judgment rendered in such a case, though binding the property of the defendant, will be void as to third persons.

3. The execution upon which the claim was founded being void as against the claimant, the court did not err in refusing to disturb, upon a motion for new trial, a verdict in favor of the claimant.

* Argued February 17,—Decided March 8, 1897.

Complaint on account. Before Judge Norwood. City court of Savannah. February term, 1896.

*L. J. Brown, Jacob Gazan* and *Garrard, Meldrim & Newman,* for plaintiff. *A. C. Wright,* contra.

ATKINSON, Justice.

The American Grocery Company brought an action upon an open account against T. B. King, in the city court of Savannah. Upon the petition is found the following entry: "Due and legal service of the within petition acknowledged; copy, process, copy process, and time of filing waived; and the account acknowledged to be correct. This 15th day of January, 1895." This was signed by defendant's attorneys. The petition, with this entry upon it, was filed on February 5th, 1895, that day being the first day of the February term (to which term the suit was brought), upon which date judgment was rendered by the court for plaintiff. Execution issued from this judgment, and was levied upon a stock of goods, fixtures and furniture contained in a certain storehouse in Savannah, to which E. J. Kennedy interposed his claim. Upon the trial of the claim case claimant moved

the court to dismiss the levy, upon the ground that the judgment upon which the fi. fa. was founded was not, as against him and his interests, a valid and legal judgment, for the reason that the court, at the time of rendering the judgment, was without jurisdiction to render a judgment that would be valid as against third persons; and in support thereof submitted the original record of the case in which judgment was rendered. The judge then presiding overruled this motion, and during the term claimant excepted pendente lite. Upon the trial of the claim case, there was a verdict for the claimant. Plaintiff moved for a new trial. Afterwards said motion came on to be heard before the successor of the judge who had presided on the trial of the case. Counsel for plaintiff suggested to counsel for claimant that they first argue and submit to the court the question of the validity of the plaintiff's judgment as against the claimant. Acting upon this suggestion of plaintiff's counsel, the judge, on March 31st, 1896, rendered judgment sustaining the motion to dismiss the levy. Afterwards argument was heard on the motion for new trial, plaintiff's counsel insisting that the court had no jurisdiction to review the judgment refusing to dismiss the levy, and that the judgment which the court rendered on March 31st was a nullity, there having been no motion for a new trial made by claimant to correct the alleged error in refusing to dismiss the levy. Afterwards the court rendered its opinion overruling the motion for new trial, not however, upon the grounds contained in the motion, but because the court held that there was error in refusing to dismiss the levy, and that although there was no motion for a new trial by claimant, yet, the court finding the bill of exceptions pendente lite in the record, and being satisfied that the ruling complained of was erroneous, it was not necessary to inquire into the grounds of the motion for new trial; to which judgment overruling the motion for new trial plaintiff excepted.

1. It is not essential to a proper adjudication of the pres-

ent case for us to deal with the grounds presented in the motion for new trial, not, however, for the reason assigned by the learned judge below, but for a different reason which will be hereinafter stated; for, before we reach this stage of the proceeding, under the facts disclosed by the record, we find another question which is controlling upon all the questions made.

The first question with which we are confronted is, did the judge, upon the hearing of the motion for new trial, have authority to consider the exceptions pendente lite filed by the claimant, assigning as error the refusal of the trial judge to dismiss the levy? In the case of *Shipley* v. *Eiswald*, 54 *Ga.* 520, this court held: "In granting a new trial, the court is confined to the grounds alleged in the motion." It was likewise held, in the case of *Turner* v. *Pearson*, 93 *Ga.* 515: "Upon the hearing of a motion for new trial, the court had no authority to consider exceptions pendente lite, assigning as error the striking of certain pleas, there being in the motion no complaint that the court erred in striking the pleas." This case, however, differs from both of the cases above cited, in that the consideration of the exceptions to the dismissal of the levy by the trial judge was expressly invoked by plaintiff's counsel prior to the hearing of the motion for new trial. A ruling thereon was had which terminated adversely to the interest of the plaintiff; whereupon he afterwards sought to urge objection to the jurisdiction of the judge to consider the very question, which was but the result of his own request. While the action of the trial judge in reviewing the first ruling was irregular, because of its not being within any of the exceptions taken in the motion for a new trial, yet inasmuch as such ruling was made at the request and induced by the action of the plaintiff, he cannot, upon exception to the judgment overruling the motion for a new trial, be heard to urge that the court had no jurisdiction to render the judgment which he himself invoked, and of which he now seeks to complain. "Where in the trial of a

litigated case a party procured from the presiding judge a ruling or decision that a given judgment was valid and legal, and as a result that case was adjudicated in favor of such party, he was, in subsequent litigation with the same adverse .party, estopped from denying the validity or legality of the judgment in question." *Luther* v. *Clay*, ante, 236.

2. It will therefore be noted that, in this particular instance, in view of the action by the plaintiff hereinabove stated, the judge did have authority to review the judgment refusing to dismiss the levy. We are next to consider whether or not he erred in so doing. The defendant in fi. fa. acknowledged service of the petition; waived copy, process, copy process, and time of filing; and acknowledged the account sued upon to be correct, on the 15th day of January, 1895. It was filed on February 5th, 1895, which was the first day of the February term (to which term the suit was brought), and upon the same day judgment was rendered by the court for the plaintiff. Was an execution issued upon a judgment thus rendered binding upon the claimant in this case? We think not. Civil Code, §5079, declares: "Parties, by consent express or implied, cannot give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, so far as the rights of the parties are concerned, but not so as to prejudice third persons." In the case of *Steadman* v. *Simmons*, 39 Ga. 591, the defendant acknowledged service of copy and process and waived the time of filing the declaration twenty days before court, and on the trial, attacked the declaration on the ground that it had not been filed in the clerk's office twenty days before the beginning of the term. Brown, Chief Justice, speaking for the court said: "As between him and the plaintiff, at least, we see no reason why he may not waive the filing twenty days before court. In this case the service was acknowledged and the time of filing waived on the 10th of February, and the court did not sit till the third Monday in March, more than twenty days after the waiver was made;

which shows that this was not an effort to make a case, brought after the expiration of the return day, returnable to the first term of the court, which as against third persons could not be done." This case differs from the one under consideration, in that the issue was between the plaintiff and defendant in fi. fa. No third party was interested.

In the case of *Suydam* v. *Palmer*, 63 *Ga.* 546, the judgment attacked was obtained in Greene county against a defendant then resident in Richmond county; the defendant waived want of jurisdiction by the court in Greene county, and judgment went by default. A fi. fa. from that judgment was levied on property as defendant's, to which a third person interposed his claim. On the trial of the claim case the claimant moved to dismiss the levy, on the ground that the judgment was void as to him. The trial judge dismissed the levy, which ruling was affirmed by this court. Bleckley, Justice, in that case said: "It is vital to the success of the plaintiff in fi. fa. in a claim case, to have a judgment which, taking the whole record together, will bear inspection as something capable of being enforced to the prejudice of persons other than the defendant in fi. fa. A judgment which is void as to third persons, for the want of jurisdiction, is not such a judgment as can prevail." The difference between this last case and the one now being reviewed is, that in the former the court had no jurisdiction of the person except by operation of the waiver; in the present case it did have jurisdiction of both the person and the subject-matter.

3. From the authorities herein cited we conclude that the proposition announced in the second head-note, which needs no further elaboration, is applicable to the facts in the present case; and hence the judgment complained of could not operate as against the claimant. That being true, the court did not err in refusing to disturb, upon the motion for new trial, the verdict in favor of the claimant.

*Judgment affirmed.    All the Justices concurring.*