## SMITH *v.* FIRST NATIONAL BANK OF WAYCROSS.

The statute for the foreclosure of mortgages on real estate (Civil Code (1910), §§ 3276, 3283) prescribes that the rule absolute shall be granted at the next term immediately succeeding the one from which the rule to show cause issues. Waivers by the defendant of statutory requirements, and consent that the rules nisi and absolute may be issued and the mortgage finally foreclosed at the first term, do not bind third persons, nor confer such jurisdiction on the court as will authorize it to render a final judgment of foreclosure at the first term. As to third persons such a judgment is void.

(a) The proceeding to foreclose was statutory, and not an equitable action.
(b) Civil Code sections 5602 and 5659 refer to the trial of cases where new parties are made.

JUNE 19, 1915.

Claim. Before Judge Quincey. Ware superior court. May 6, 1914.

*Wilson, Bennett & Lambdin,* for plaintiff in error.
*J. L. Sweat,* contra.

EVANS, P. J. The First National Bank of Waycross levied an execution issuing upon a judgment of foreclosure of a mortgage on land, and a claim was interposed by the wife of the defendant in fi. fa. Upon her death her executor was made a party in her stead. The court directed a verdict for the plaintiff. The claimant made a motion for new trial, which was overruled.

The claimant insists that the judgment of foreclosure is void. The record of that proceeding shows, that, on the first day of the May, 1911, term of the superior court of Ware county, the bank filed a petition alleging that W. J. Smith executed a mortgage to A. M. Knight upon certain described land, to secure the latter's indorsement of a certain note due by the mortgagor to the First National Bank of Waycross in the sum of $2,500; that Knight had duly transferred the mortgage to it; that subsequently Smith conveyed the mortgaged property to his wife in settlement of an al-

leged indebtedness to her, and she went into possession of the property; that the property was liable to deteriorate in value from use and decay, and the plaintiff invoked the equity power of the court, not only to aid in the foreclosure of the mortgage, but to protect its rights in the premises, and to aid in the foreclosure of the mortgage in the meantime; that due notice had been given by the plaintiff to the defendant of its intention to proceed at the present term of the court to collect the note by foreclosure of the mortgage, and that in addition to the principal and interest due thereon the plaintiff would claim 10 per cent. attorney's fees, as provided in the note. The prayer was for an order requiring the defendant to pay into court the amount of the principal, interest, attorney's fees, and costs, due on the note, in accordance with the requirements of the law in such cases made and provided, and that in default thereof the mortgage be foreclosed and the equity of redemption therein forever barred, in terms of the statute. No equitable relief was prayed. No process was attached to the petition, but attached thereto was a rule nisi, in the usual form, addressed to the defendant, requiring him to pay into court instanter the amount claimed to be due upon the note, and directing that in default thereof equitable foreclosure be granted to the First National Bank of Waycross of the mortgage, and the equity of redemption in the mortgaged property be forever barred, and that service of the rule be perfected on the defendant "according to law." Attached to the rule nisi was an acknowledgment of service, signed by W. J. Smith, dated May 30, 1911, acknowledging due and legal service of the petition and rule nisi, waiving time and all further service, and admitting the facts as therein set up to be true. Attached thereto was a consent agreement, signed by the attorney of the First National Bank of Waycross and by W. J. Smith, agreeing "that the present May term, 1911, of Ware superior court be and the same is hereby made the trial term of said cause, and that the rule absolute therein be granted at and during said term." A rule absolute, dated May 30, 1911, was issued, in which it was recited, that at the present term of the court a rule nisi had issued requiring W. J. Smith to pay the balance of the principal, interest, attorney's fees, and costs claimed to be due upon a certain note secured by mortgage, or show cause to the contrary, or in default thereof that the mortgage be foreclosed and the equity of redemption therein for-

ever barred; that service of the petition and rule nisi had been duly acknowledged by the defendant, who agreed with the plaintiff that the May term, 1911, should be the trial term of the case, at which the rule absolute might be granted in accordance with the law in such cases made and provided; and that the defendant had wholly failed and refused to pay the money as required by the rule nisi, and had shown no cause to the contrary; whereupon it was adjudged that the equity of redemption in the mortgaged premises be forever barred, and that the plaintiff have judgment against the defendant in the sums claimed, and that execution issue against the mortgaged premises for these sums.

During the trial, in various ways, the claimant raised the point that the judgment upon which the execution issued was void, for the reason that it appeared upon the face of the proceedings that the statute respecting the foreclosure of mortgages on real estate had not been pursued, and that there was no authority or jurisdiction of the court to grant a rule absolute at the same term in which the rule nisi was granted. The statute prescribes the procedure for the foreclosure of mortgages on real estate. The person entitled to foreclose the mortgage shall apply by petition to the superior court of the county wherein the mortgaged property is located, setting out the amount of his demand and a description of the property mortgaged; whereupon the court shall grant a rule directing the principal, interest, and cost to be paid into court on or before the first day of the next term immediately succeeding the one at which such rule is granted, which rule shall be served as provided in the statute. And upon failure of the mortgagor to pay as required in the rule, or his failure to sustain any defense against the foreclosure of the mortgage, the court shall render judgment for the amount due on the mortgage and order the mortgaged property to be sold in the manner and under the same regulations which govern sheriffs' sales under execution. Civil Code (1910), §§ 3276, 3283. This statutory proceeding contemplates that the rule nisi shall be granted at one term, and the rule absolute at a succeeding term. In the present case the rule nisi and the rule absolute were granted on the same day, by virtue of an agreement that the case should be finally disposed of at the first term. We are not called upon to decide whether a waiver and agreement of this kind will estop the defendant from thereafter asserting the invalidity of the

proceedings, as not being in accordance with the statute. The point is made by a stranger to that record; and any waiver by the defendant will not bind third persons, nor confer such jurisdiction upon the court as will authorize it to render a judgment which will affect them. *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462 (28 S. E. 241). It appears upon the face of the proceedings that at the time of the foreclosure the defendant had conveyed the property to his wife, who was in possession of it. His wife was not a party to the foreclosure proceedings, and he did not even purport to act in her behalf. She has a right to insist that her title and possession be not disturbed except by a valid judgment. As to her this judgment is invalid.

It is contended that the holder of a mortgage on real estate may foreclose his mortgage in equity, according to the practice of courts in equity proceedings, as well as by the methods prescribed in the code. There is no doubt as to the correctness of this contention. Civil Code (1910), § 3305. The proceeding to foreclose the mortgage in the case at bar is in no sense an equitable foreclosure. There is no prayer for process, and no prayer for equitable relief, but, on the contrary, the petition, rule nisi, and rule absolute conform to the statutory remedy. The reference to the wife's possession of the land under an alleged purchase from her husband, and to her receiving the rents and profits, and the liability of the property to deteriorate in value, is but surplusage. It is irrelevant to the procedure which was pursued, and to any prayer contained in the petition.

Counsel for the defendant in error cite the Civil Code (1910), §§ 5602, 5659, as authority for the proposition that when a petition is filed and a rule nisi granted the parties may consent that a trial be had at the first term. These two sections are taken from the Acts of 1895, p. 47, and have no reference to the procedure prescribed by statute for the foreclosure of mortgages. These sections apply, by their express terms, to cases where new parties are made during the pendency of a case. Where a party is brought into a case by amendment, under these code sections, the case thereafter may be tried at the first term by consent. The invalidity of the foreclosure proceedings being apparent upon the face of the record, the judgment, as to third parties, is void; and the court should have dismissed the levy of the fi. fa. *American Grocery Co.* v. *Kennedy,* supra. *Judgment reversed. All the Justices concur.*