### CHAMLEE *v.* AUSTIN, administrator, *et al.*

GILBERT, J. The court did not err in granting the interlocutory injunction. Civil Code, § 4252; *Holcomb* v. *Cable Co.,* 119 *Ga.* 466 (46 S. E. 671.)　　　　*Judgment affirmed. All the Justices concur.*

　　　　　　No. 1714. JUNE 16, 1920.

Injunction. Before Judge Pendleton. Fulton superior court. October 3, 1919.

The pleadings and the evidence show substantially as follows: Allen K. Chamlee, on August 26, 1916, sold designated land to A. E. Robertson, executing a bond for title to Robertson, and receiving in return a note for $6736, the balance of the purchase-money, providing for interest and attorney's fees. Robertson had previously, on August 23, 1916, sold the land to E. W. Bigham and executed to him a bond for title. Robertson having failed to pay his purchase-money note, Chamlee, on July 23, 1917, filed suit thereon. The petition failed to allege that the notice required by

law for the collection of attorney's fees had been served upon Robertson. On December 5, 1917, Bigham sold his equity in the land to A. A. Austin, and executed to him a bond for title. A fi. fa. issued upon the judgment aforesaid, and was levied upon the land; whereupon Bigham filed a petition alleging that the fi. fa. was proceeding illegally because of the attorney's fees included therein, and prayed that the sale of the land thereunder be enjoined. Injunction was refused by the trial judge, and on writ of error to this court that judgment was affirmed. *Bigham* v. *Chamlee,* 148 *Ga.* 488 (97 S. E. 407). Austin alleged, that the fi. fa. was proceeding illegally because of the inclusion therein of a judgment for attorney's fees; that he had tendered to Chamlee the principal and interest due by Robertson; and that Chamlee had stated that he would refuse to make title unless the full amount of principal, interest, and attorney's fees was paid. On information and belief he alleged that the consent agreement of Robertson and Chamlee, by which judgment was rendered for attorney's fees, was in pursuance of a fraudulent conspiracy and collusion to prevent the carrying out of the contract to execute a deed to the land. Averring that he had no adequate remedy at law to protect his equity, he prayed: that his equity be subject only to the payment of the principal and interest, but not attorney's fees on the indebtedness to Chamlee; that the judgment rendered in favor of Chamlee against Robertson be decreed invalid in so far as it provided for attorney's fees; and that the defendants be enjoined from selling or offering the property for sale. There were other prayers applicable to codefendants not complainants in this writ of error. The petitioner died, and his administrator, J. N. Austin, was made a party in his stead. Chamlee admitted that the notice required for the recovery of attorney's fees was not given, but denied any fraudulent collusion. The answer also showed that Robertson agreed in writing that a verdict should be rendered against him in favor of Chamlee in the suit on the note for the amount of the principal and interest, including attorney's fees; that a verdict was rendered in accordance with this consent agreement, and a judgment was rendered in accord therewith, November 12, 1917. The judge granted an interlocutory injunction, and Chamlee excepted.

*Robert N. Hardeman* and *Hardeman, Jones, Park & Johnston,* for plaintiff in error.

*Little Powell, Smith & Goldstein* and *Frank A. Hooper & Son,* contra.