## STRICKLAND *v.* JONES *et al.*

ATKINSON, J.   1. It has been held by this court:   "While the commencement of an action is indispensable to the rendition of a judgment, and ordinarily the filing of a writ is indispensable to the commencement of an action, yet a defendant may, in so far as it affects himself, waive the statutory period within which the writ is by law required to be filed, and thus voluntarily submit to the jurisdiction, and subject himself to a judgment; but such waiver does not bind third persons, nor confer such jurisdiction upon the court as will authorize it to render a judgment which will affect them; and a judgment rendered in such a case, though binding the property of the defendant, will be void as to third persons." *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462 (2) (28 S. E. 241).   The principle just stated was recognized and applied in the case of *Smith* v. *First National Bank of Waycross,* 143 *Ga.* 543, 546 (85 S. E. 696), in a contest between the plaintiff and the wife of the defendant to whom the defendant had made a deed.   It was stated in the opinion:   "His wife was not a party to the foreclosure proceedings, and he did not even purport to act in her behalf.   She has a right to insist that her title and possession be not disturbed except by a valid judgment.   As to her this judgment is invalid."

2. Section 22 of the act creating the city court of Quitman (Acts 1912, p. 287) provides:   "That the general laws of this State with regard to the commencement of suits in the superior courts, . . shall be applicable to said city court, except as otherwise provided herein."   The general law relating to commencement of suits in the superior courts provides that "Upon every petition the clerk shall indorse the date of its filing in office, which shall be considered the time of the commencement of the suit." Civil Code (1910), § 5551.   Section 15 of the act establishing the city court of Quitman declares that "All suits brought to said court shall be filed in the clerk's office of said court at least fifteen days before the term to which they are returnable."   In section 14 of the same act it is provided:   "The first term shall be the appearance term, and the second term the trial term, of all civil cases except cases in which trial by jury shall have been demanded by either party; provided, however, that in all cases in which no defense has been filed upon the call of the appearance docket or in which the defense may be stricken, judgment may be entered at the first term."

3 A judgment was rendered in the city court of Quitman for the amount of a promissory note secured by a security deed to particular land, and declaring a special lien on the land. The suit was instituted by a transferee against the maker. The defendant acknowledged service and waived "filing" of the original petition. The petition was not filed within the time prescribed by the statute, but was filed on the first day of the term, and on that day the judgment was rendered. A jury trial was not demanded. Under application of the principle stated in the first division hereof, the judgment was void as against a third person claiming as lessee of the grantor in the security deed, under a lease executed subsequently to such deed. The judgment being void as against the lessee, the judge erred in refusing to enjoin sale of the property under the judgment and execution based thereon, except subject to the lease. The foregoing sufficiently deals with a controlling question in the case. Other questions raised will not be decided.

*Judgment reversed. All the Justices concur.*

No. 6923. OCTOBER 4, 1929.

*Branch & Snow,* for plaintiff.   *Bennel & Bennet,* for defendants.