DECIDED JULY 2, 1934.

## 23574. MILLER v. JACKSON et al.

MACINTYRE, J.  1. While it is true that all persons who are interested in sustaining or reversing the judgment of the court below are indispensable parties in the appellate courts, and they must be made parties to the bill of exceptions or the same will be dismissed (*Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552, 168 S. E. 316; *Poston* v. *Durham,* 177 *Ga.* 870,

171 S. E. 765; Civil Code (1910), § 6176), yet, where this is not done, and the plaintiff in error seeks to amend the bill of exceptions by adding thereto the names of the parties below who are proper defendants in error in this court, and procures from such parties an acknowledgment and waiver of service of the bill of exceptions and agreement that they be made parties defendant in error in this court, such amendment will be allowed, and the bill of exceptions will not be dismissed for want of proper parties defendant in error. Acts 1911, pp. 149, 151. The motion to dismiss the writ of error for lack of proper parties is therefore denied.

2. A judgment may be amended to conform to the verdict on which it is based, even after execution issues. Civil Code (1910), § 5697. So, in this connection, where a verdict is rendered against the defendants in an action, and the judgment does not show that it is against the defendants, the same may be amended to conform to the verdict and show that it is against the defendants. *Walker* v. *Scott*, 29 *Ga.* 392; *Cobb* v. *Wise*, 71 *Ga.* 103; *Mitchell* v. *Long*, 74 *Ga.* 94, 97; *Rucker* v. *Williams*, 129 *Ga.* 828, 830 (60 S. E. 155); *Woods Co.* v. *Colson*, 43 *Ga. App.* 265 (158 S. E. 533); note in 10 A. L. R. 526, 594.

(a) However, the judgment must be amended by an inspection of the record, including the verdict and the pleadings, and parol proof can not afford a ground of amendment. *Jones* v. *Whitehead*, 167 *Ga.* 848 (146 S. E. 768).

(b) R. M. Tiller executed a note in favor of a bank. The note provided for attorney's fees. It was indorsed by J. G. Bowles and G. P. Jackson. On March 19, 1929, before the return day of the April term, 1929, of Mitchell superior court, the bank procured from the maker and indorsers of the note this waiver: "Due and legal service of the within and foregoing petition is hereby acknowledged. Process, copy process, copy of petition, filing, time of filing is hereby waived. All other and further notice and service and formalities whatsoever are hereby waived. It is further acknowledged that the notice alleged to have been given in order to bind for attorneys' fees was received, in the manner and form and time alleged in the petition." This waiver was attached to a petition suing on the note. On October 22, 1929, the bank filed this petition against said parties as defendants, which petition recited that more than ten days prior to the April term, 1929, of the court it had served written notice upon the defendants of its intention to bring suit to the April term, 1929, and to claim attorney's fees. The bank prayed for process returnable to the April term, 1929, of the court. No other service or other waiver appears to have been made. On October 29, 1929, a verdict for principal, interest and attorney's fees was found against the defendants; and on the same day the judgment in question in this case was entered. On·November 5, 1929, execution issued on said judgment against the three defendants. On November 1, 1932, this execution was transferred to J. B. Miller. Is the judgment for principal, interest, and attorney's fees valid and binding on the indorsers? The notice required to be given before attorney's fees in a suit can be collected can not be waived. *Miller* v. *Roberts*, 9 *Ga. App.* 511 (71 S. E. 927). The notice must specify the term of court to which the suit will be filed.

Civil Code (1910), § 4252; *Chamlee* v. *Austin*, 150 *Ga.* 279 (103 S. E. 490). A notice to the February term, 1907, was insufficient where the suit was brought to the August term 1907. *Monroe* v. *Citizens Bank*, 3 *Ga. App.* 296 (59 S. E. 844); *Toole* v. *Cook*, 15 *Ga. App* 133 (82 S. E. 772); *Russell* v. *Life Insurance Co.*, 34 *Ga. App.* 640 (130 S. E. 689). The maker and indorsers on this note, having expressly waived service, notice, process and time of filing, were bound by the verdict and judgment at the October term, 1929, of said court, and should not be allowed to assert that the same was invalid, the rights of third persons not being involved. *Steadman* v. *Simmons*, 39 *Ga.* 591; *Weslow* v. *Peavy*, 51 *Ga.* 210; *American Grocery Co.* v. *Kennedy*, 100 *Ga.* 463 (28 S. E. 241); *Burgin Glass Co.* v. *McIntire*, 7 *Ga. App.* 756; *Strickland* v. *Jones*, 169 *Ga.* 220 (149 S. E. 866); *McCray* v. *Empire Investment Co.*, 49 *Ga. App.* (174 S. E. 219).

3. The judgment being amendable as to parties, and the verdict having been returned against the maker and indorsers of the note, and the waiver of the service and time of filing by all three defendants being valid and binding on them, the judgment is good as against them in so far as it seeks to recover principal and interest. However, in the instant case, as to attorney's fees, the notice alleged in the petition stated that suit would be brought to the April term, 1929, which began on the second Monday, and the waiver of notice as to attorney's fees being that "It is further acknowledged that the notice alleged to have been given in order to bind for attorney's fees was received, in the manner and form and time alleged in the petition." The October term began on October 7, 1929. The petition was not filed until October 22, 1929. Judgment was rendered October 29, 1929. This being so, the judgment was not good in so far as it found in favor of the plaintiff for attorney's fees. "Notice naming a term preceding the term to which the suit is finally made returnable will not suffice." *Russell* v. *Life Ins. Co.*, supra.

4. Applying the above rulings, the court below erred in holding that the entire judgment was void and not binding on the defendant endorser, Jackson, and in refusing to amend the judgment to conform to the verdict rendered in the case.

*Judgment reversed, Broyles, C. J., and Guerry, J., concur.*

DECIDED JULY 3, 1934.

*Robert Culpepper Jr., J. W. McDonald,* for plaintiff in error.
*R. J. Bacon,* contra.