## KANTZIPPER *v.* KANTZIPPER.

No. 10399. DECEMBER 11, 1934.

*Gazan, Walsh & Bernstein,* for plaintiff in error.
*Shelby Myrick,* contra.

BELL, J. Samuel A. Kantzipper sued his wife, Eva Kantzipper, for a divorce, the suit being returnable to the October term, 1931, of the superior court of Chatham County. The wife filed an answer to the suit, and in connection therewith prayed for alimony. At the appearance term the following consent decree was entered: "It being made to appear to the satisfaction of the court that the parties to the above-entitled cause have reached an agreement as to temporary and permanent alimony and counsel fees, whereby, com-

mencing with November 1, 1931, the plaintiff will pay unto the defendant alimony in the amount of fifty ($50.00) dollars per month in advance, so long as she may remain single, it is ordered and adjudged that the said agreement be and hereby is made the judgment of the court, and that such other and further orders or decree be entered herein at the final trial of the divorce suit as may be appropriate as to the permanent alimony hereinabove specified. It is further ordered that plaintiff pay unto the attorneys of record for the defendant the sum of one hundred ($100.00) dollars in full for their counsel fees in this matter, both as to divorce and alimony. Done and ordered in open court this October 30, 1931." On the subsequent trial of the divorce proceeding the husband's petition for a divorce was denied by the jury, and no provision was made by the verdict for permanent alimony, and there was no further order or decree in regard to alimony. In July, 1933, the wife caused an execution to be issued against the husband for the sum of $250, besides interest, for alimony at $50 per month for the five months next preceding the date of the execution. A levy having been made upon property of the husband, he filed an affidavit of illegality, one ground of which was as follows: "That the consent decree upon its face shows only temporary alimony at $50.00 per month, and that it was to be terminated upon the trial of the divorce suit. That upon the trial of the divorce suit plaintiff was denied a divorce, and no provision was made by verdict of jury for permanent alimony for defendant on her cross-bill; and thereby the judgment of the court of October 30, 1931, became null and void." The judge sustained this ground of the affidavit of illegality, and dismissed the levy. To this judgment the plaintiff in fi. fa. excepted.

The affidavit was incorrect in construing the judgment as one for temporary alimony, and it may or may not have been a good ground of illegality that the trial of the divorce proceeding resulted in the denial of a divorce to the plaintiff husband. The consent judgment, however, was rendered at the appearance term, and no further order or decree was made in regard to permanent alimony. By the Civil Code (1910), § 5661, it is provided that no "trial shall in any case be had at the first term, except specially provided for by law." In *Fleming* v. *West*, 98 *Ga.* 778 (27 S. E. 157), this court had under consideration a decree for permanent

alimony rendered in 1873. In the opinion it was said: "As the law stood at the time the decree was rendered, the superior court had no authority or jurisdiction to render a judgment at the first term, except in cases expressly provided for by law; and a suit for divorce and alimony was not such a case. . . The decree in question, as we have seen, was rendered at the next term after the publication of notice. This fact appearing upon the face of the record, the decree was upon its face void, and could be attacked collaterally in any court." After the date of the decree considered in that case, the legislature passed an act to regulate practice in the courts of this State (Ga. L. 1895, p. 47), the substantial provisions of which are now contained in the Civil Code of 1910, §§ 5602, 5659. In *Smith* v. *First National Bank,* 143 *Ga.* 543 (85 S. E. 696), it was held that these sections apply only to the trial of cases where new parties are made. Accordingly, the jurisdiction of the court to render a judgment for permanent alimony at the appearance term was not changed by the act of 1895, and, there being no further legislation upon the subject, is the same now as at the time of the decision of *Fleming* v. *West,* supra. See also *Harrell* v. *Davis Wagon Co.,* 140 *Ga.* 127 (78 S. E. 713); *Bell* v. *Verdel,* 140 *Ga.* 768 (79 S. E. 849). In the present case, therefore, the consent order passed at the appearance term could amount to no more than evidence of the agreement; and unless some "appropriate" order or decree as to permanent alimony was rendered at a subsequent term, the wife was without a judgment upon which an execution could be issued.

While the affidavit of illegality did not raise the exact question here decided, and the judge may not have placed his decision upon the ground that a judgment for permanent alimony could not be rendered at the appearance term, this court will not reverse the judgment sustaining the affidavit of illegality, since it appears from the record that the execution was issued on a judgment that was void for want of jurisdiction of the subject-matter. In *Eve* v. *Crowder,* 59 *Ga.* 799, it was held that where an execution to enforce a crop lien was founded on an affidavit so fatally defective that the proceeding was invalid, a judgment sustaining an affidavit of illegality would not be reversed, whether the alleged ground of illegality was good or bad, since a reversal in such case would be fruitless, the invalidity of the execution being apparent on the face

of the record. See also *Cutts* v. *Scandrett*, 108 *Ga.* 620 (3) (34 S. E. 186) ; *Ragan* v. *Standard Scale Co.*, 123 *Ga.* 14 (2) (50 S. E. 951) ; *Southern Railway Co.* v. *Savage*, 18 *Ga. App.* 489 (3) (89 S. E. 634) ; *Brannon* v. *Price*, 29 *Ga. App.* 333 (6, 7) (115 S. E. 151), and cit. The present case differs on its facts from the case of *Coffee* v. *Coffee*, 101 *Ga.* 787 (28 S. E. 977). Regardless of other possible grounds of distinction, it did not appear from the record in that case that the judgment for permanent alimony was rendered at the appearance term.

*Judgment affirmed. All the Justices concur.*

Atkinson, J., concurs in the result.