# LANGSTON *v*. NASH.

No. 13742.   June 16, 1941.

*Durwood T. Pye,* for plaintiff in error.

JENKINS, Justice. 1. The superior court is "without jurisdiction to render a judgment for permanent alimony . . before the appearance term; . . such jurisdiction [can] not be conferred by consent of the parties;" and such a judgment, "being void for lack of jurisdiction, [can] not be the basis of contempt proceedings against the defendant for failure to pay permanent alimony." *Seigler* v. *Seigler,* 181 *Ga.* 310 (181 S. E. 822). Until the act of 1935 (Ga. L. 1935, p. 481; Ann. Code, §§ 30-131, 30-132), which authorized all judgments in divorce cases to be taken *"at* the first or appearance term," and declared that such past judgments should be "legal and binding," the same as if rendered at the trial term, a judgment for permanent alimony rendered *at* the appearance term was likewise void; and the fact appearing on the face of the record, the decree was on its face void for want of jurisdiction of the subject-matter, and could be attacked even collaterally in any court. See *Kantzipper* v. *Kantzipper,* 179 *Ga.* 850, 852 (177 S. E. 679) ; *Fleming* v. *West,* 98 *Ga.* 778 (27 S. E. 157) ; Code, § 110-709. The present contempt proceeding involving a permanent-alimony judgment in 1926, which was rendered before the appearance term, and the acts seeking to validate only such past judgments as had been rendered *"at"* that term, the judgment could not be affected by the act, and was void for want of jurisdiction of the subject-matter, and could not afford any legal basis for a contempt proceeding. While this court has recognized the validity of judgments for permanent alimony based merely on agreements of the parties without embodiment in the final verdict and decree, and the power of the trial court to modify such judgments at later terms if the right to do so has been reserved therein, it has not been held that a subsequent proceeding to modify or to adjudge the husband in contempt need not be grounded on a valid original judgment. See *Hardy* v. *Pennington,* 187 *Ga.* 523, 525 (1 S. E. 2d, 667) ; *Estes* v. *Estes,* 192 *Ga.* 94, 100 (14 S. E. 2d, 680, 681).

2. Jurisdiction of the subject-matter of a suit can not be conferred by agreement or consent, or be waived or "based on an estoppel of a party to deny that it exists." *Parker* v. *Travelers Insurance Co.,* 174 *Ga.* 525, 529 (163 S. E. 159) ; *Cutts* v. *Scandrett,* 108 *Ga.* 620, 633 (34 S. E. 186) ; *Smith* v. *Ferrario,* 105 *Ga.* 51, 53 (31 S. E. 38) ; *Watson* v. *Pearre,* 110 *Ga.* 320 (35 S. E.

316); Code, § 24-112; 14 Am. Jur. 386, § 191; 21 C. J. S. 161-163, §§ 108, 109, and cit.; 15 C. J. 809, § 105. Whatever might be the rule as to res judicata or estoppel where a party has particularly invoked a decision and obtained one adverse to himself on the question of the court's own jurisdiction of the subject-matter, without excepting to such decision (see *Luther* v. *Clay*, 100 *Ga.* 236, 28 S. E. 46, 39 L. R. A. 95; *American Grocery Co.* v. *Kennedy*, 100 *Ga.* 462, 465, 28 S. E. 241; 21 C. J. S. 177, § 115), a judgment which is void for want of jurisdiction of the subject-matter will not of itself afford any basis for applying the doctrine of res judicata. *Dix* v. *Dix*, 132 *Ga.* 630 (3), 632 (64 S. E. 790); *Cornett* v. *Ault*, 124 *Ga.* 944 (2) (53 S. E. 460); *Barrs* v. *State*, 22 *Ga. App.* 642, 644 (97 S. E. 86), and cit.; 30 Am. Jur. 939, § 198. Nor will the basis of subsequent orders or proceedings on such a void judgment infuse it with a validity which it lacks. 31 Am. Jur. 91, §§ 430, 431. Accordingly, where, as in this case, a judgment for permanent alimony was void because of lack of jurisdiction of the subject-matter, "the fact that the plaintiff . . brought a petition to modify the judgment, in which he was unsuccessful, and where he filed no exception, will not create such a ratification of the judgment as will make valid that which was void." And "the fact that the [former] husband, without excepting to the original judgment, has paid alimony in pursuance of the judgment for several years can not affect the result." *Jones* v. *Jones*, 181 *Ga.* 747 (6), 752 (184 S. E. 271); *Pace* v. *Berquist*, 173 *Ga.* 112, 114 (159 S. E. 678); *Haygood* v. *Haygood*, 190 *Ga.* 445, 449, 451 (9 S. E. 2d, 834). In *Seigler* v. *Seigler*, supra, involving a like void judgment, the record shows that the husband continued to make the ordered weekly payments for nearly ten months before attacking the judgment as void in response to a contempt proceeding. Especially would there be no estoppel where, as here, there is no showing by the former wife that she suffered any injury by reason of the husband's procedure or payments under the judgment. See Code, § 38-116; *Rieves* v. *Smith*, 184 *Ga.* 657, 664 (192 S. E. 372), and cit.; *Union Brokerage Co.* v. *Beall*, 30 *Ga. App.* 748 (119 S. E. 533), and cit.; *Sentinel Fire Insurance Co.* v. *McRoberts*, 50 *Ga. App.* 732 (2), 737, 738 (179 S. E. 256); *Franklin Savings Co.* v. *Branan*, 54 *Ga. App.* 363 (4), 367 (188 S. E. 67).

3. Under the preceding rulings, the court did not err in refusing to adjudge the former husband in contempt for failing to pay permanent alimony under the void decree.

*Judgment affirmed. All the Justices concur.*