TATUM *v.* TATUM.

No. 16102.   MARCH 19, 1948.

*H. L. Williams,* for plaintiff in error.

*B. D. Dubberly,* contra.

BELL, Justice. (After stating the foregoing facts.) The law provides for the holding of two terms of the Superior Court in Tattnall ·County each year, beginning respectively on the third Monday in April and the third Monday in October. Ga. L. 1922, p. 59. The time for the opening of the April term, 1947, thus fell on April 21 of that year. The petition for divorce in this case was not filed until September 12, which was nearly five months after the beginning of the April term. According to the plaintiff's allegations, he and the defendant married only five days before the term began, and they separated on August 20, about four months later. The alleged cause of action was therefore not even in existence at the convening of that term.

Rule 24 of the new rules of procedure applicable in trial courts expressly excepted divorce and alimony cases, while Rule 17 undertook affirmatively to preserve the then-existing law (Ga. L. 1935, p. 481) as to trial of divorce cases at the first or appearance term by consent of the parties entered upon the docket of the court. Ga. L. 1946, pp. 776, 779. The phrase, "this section," in paragraph 24 refers not merely to that paragraph, but to the entire "Report No. Two" as made to this court by the Bar Committee. Nor did the divorce act of 1946 purport to repeal or modify the act of 1935 as to trial at the first term instead of the second term, provided certain conditions are complied with. See Ga. L. 1946, p. 90; *Evans* v. *Evans,* 190 *Ga.* 364 (9 S. E. 2d, 254); *Kantzipper* v. *Kantzipper,* 179 *Ga.* 850 (177 S. E. 679).

The Code provides that an action for divorce shall be by peti-

tion and process, as in ordinary suits, filed and served as in other cases, unless the defendant shall be a nonresident of this State, when service shall be perfected as prescribed in causes in equity. Code, § 30-105. Neither was this section repealed by the new divorce act. As to repeal by implication, see *McGregor v. Clark,* 155 *Ga.* 377 (116 S. E. 823); *Atlantic Log & Export Co. v. Central of Ga. Ry. Co.,* 171 *Ga.* 175 (1), 176 (155 S. E. 525); *Sprayberry v. Wyatt,* 203 *Ga.* 27 (45 S. E. 2d, 625).

It follows that, unless there can be a valid waiver, the petition in a divorce case must still be deposited in the clerk's office at least twenty days before the term to which it is returnable, in accordance with the law as it existed before adoption of the new rules of procedure and before the enactment of the new divorce law. Code, § 81-111. Compare *Penn Mutual Life Ins. Co. v. Troup,* 177 *Ga.* 456 (6) (170 S. E. 359).

It may be said also that, notwithstanding the new rules of procedure and passage of the new divorce act, there is still no law whatever that would authorize the grant of a divorce *before* the first or return term as these expressions have been heretofore understood and applied. Compare *Kantzipper v. Kantzipper,* 179 *Ga.* 850 (supra); *Langston v. Nash,* 192 *Ga.* 427, 429 (1) (15 S. E. 2d, 481).

Nevertheless, it has been held several times by this court that a defendant when sued may acknowledge service and waive copy, process, and filing in office before the term of the court to which the case is returnable, and he will not afterwards, as against the plaintiff, be heard to object that the suit was not filed within 20 days before the term. *Steadman v. Simmons,* 39 *Ga.* 591 (3); *Weslow v. Peavy,* 51 *Ga.* 210; *American Grocery Co. v. Kennedy,* 100 *Ga.* 462 (28 S. E. 241); *Ainsworth v. Mobile Fruit & Trading Co.,* 102 *Ga.* 123 (2) (29 S. E. 142); *Strickland v. Jones,* 169 *Ga.* 220 (1) (149 S. E. 866). In each of these cases, however, it was recognized that such a waiver could not be binding so as to affect the interests of third persons.

From what has been said, in order for the husband in this case to have obtained a divorce at the April term, 1947, his suit should in ordinary course have been instituted twenty days before that term, that is, not later than April 1, to say nothing of the other

conditions prescribed by the act of 1935, supra, for the trial of such action at the first term. As indicated above, he and the defendant were not even married at that time. But could the defendant waive the time of filing, as she undertook to do by the paper signed by her on August 20, so as to vary the ordinary procedure? We think not. "Laws made for the preservation of public order or good morals can not be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." Code, § 102-106. Marriage and divorce are matters in which the public is deeply concerned, and the public policy of this State relating to marriage has been to foster and protect it, and to discourage separation. The State is thus vitally interested in every divorce action, although it is not an actual party to the case. In *Watts* v. *Watts*, 130 *Ga.* 683, 684 (61 S. E. 593), it was said: "A divorce suit affects not merely the formal parties before the court, but society at large. 9 Am. & Eng. Enc. L. (2d ed.) 728-9 (4). On account of the peculiar interest of the public in the preservation of domestic relations, provisions have been made by the Constitution of this State, and by legislative enactment, which take divorce suits out of the rules that govern other actions, and place restrictions around them indicating a policy to hinder facility in the procurement of divorces. This has been true ever since the adoption of the Constitution of 1798." In *Head* v. *Head*, 2 *Ga.* 191, 194, it was said: "It must be apparent to the most careless reader that the Constitution of 1798 is in restraint of divorces; the wise framers of that instrument were careful to hinder facility in their procurement." See also, in this connection, *Jones* v. *Jones*, 181 *Ga.* 747 (2) (184 S. E. 271); *Haygood* v. *Haygood*, 190 *Ga.* 445, 448 (9 S. E. 2d, 834, 130 A. L. R. 87). While the policy of the law as to retarding procurement of divorces has been greatly relaxed in recent years, it has not as yet been entirely obliterated. *Dugas* v. *Dugas*, 201 *Ga.* 190 (39 S. E. 2d, 658); *Thompson* v. *Thompson*, 203 *Ga.* 128 (4b) (45 S. E. 2d, 632).

It is still true that no court can grant a divorce of any character to any person who has not been a bona fide resident of the State for twelve months before the filing of the application for

divorce. Code, § 30-107. Nor can this provision be waived by the party sued. *Moody* v. *Moody,* 195 *Ga.* 13 (2a) (22 S. E. 2d, 836); *Wade* v. *Wade,* 195 *Ga.* 748 (2) (25 S. E. 683). It is still the rule that no verdict or judgment by default shall be taken in a divorce case. Code, § 30-113. And it also continues to be the law that such a verdict or judgment can not be obtained even at the first term except as provided by the act of 1935, supra. Nor can a defendant in a divorce suit waive venue, so as to give the court jurisdiction over his or her person, in a county other than that in which such defendant resides. Code, § 24-112; *Watts* v. *Watts,* supra; Constitution, Code (Ann. Supp.), §§ 2-4301, 2-4901. These are some of the restraints that are still imposed by law upon divorce actions. See also Code, § 30-129, as to the duty of the trial judge in such cases.

It has been held by the Court of Appeals that, where a promissory note contains an obligation to pay attorney's fees, the statutory notice which the plaintiff is required to give to the defendant as a condition precedent to recovery of attorney's fees can not be waived in the note, and the attempt to waive it therein is unenforceable and of no effect. *Miller* v. *Roberts,* 9 *Ga. App.* 511 (3) (71 S. E. 927); *Miller* v. *Jackson,* 49 *Ga. App.* 309 (2b) (175 S. E. 409). It has also been held by that court that a debtor can not, by an independent contract, make his wages as a day laborer subject to garnishment. *Traders Investment Co.* v. *Macon Ry. & Light Co.,* 3 *Ga. App.* 125 (59 S. E. 454); *Walker* v. *Swift Fertilizer Works,* 3 *Ga. App.* 283 (5) (59 S. E. 850).

If the waivers dealt with in the two classes of cases just mentioned were void as being against the public interest, there would seem to be even stronger reason for holding that the time for the filing of a divorce suit as prescribed by law can not be effectually waived by the defendant. Accordingly, we are of the opinion that such a waiver would be void as an undertaking to authorize a divorce before the time allowed by law, and the facts of the present case forcibly illustrate how far-reaching such a waiver might be in circumventing the law. As further illustration, the required residence for twelve months might not be accomplished before the return day for a given term, and yet if the time of filing suit could be waived, the plaintiff might still complete such

a period of residence after the return day and obtain a divorce at such term. Also, the one-year period of desertion, as a ground for divorce, might by such means be virtually cut in half in counties having only two terms of superior court a year, as Tattnall. The time has not yet come under the law of Georgia when a married person may, with such a waiver, file suit in court on any day when it happens to be open, testify in support of his action, and then walk out of the courthouse on the very same day with a certificate of divorce in his pocket.

We are not here dealing with a waiver of process or service; nor are the views herein expressed in any way contrary to the decision in *Don* v. *Don*, 162 *Ga.* 240, 243 (133 S. E. 242).

The court erred in refusing the petition of the wife to set aside the decree of divorce, on the asserted ground that she, as defendant in the case, could not waive the term of court or the filing date as fixed by law for the April term, 1947, during which the divorce was granted.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*