MURRAY *v.* DUKES.

No. 16533.   MARCH 14, 1949.

866

*Eugene M. Kerr,* for plaintiff in error.

*Randall Evans Jr.,* contra.

WYATT, Justice. ■ It is conceded by the defendant in

error in this case that alimony can not be awarded after a total divorce has been granted the parties. However, it is contended that this rule of law is not applicable in this case for the reason that the purported divorce is null and void. As appears from the foregoing statement of facts, the divorce was granted by the trial court eighteen days after the petition was filed.

In *Tatum* v. *Tatum*, 203 *Ga.* 406, 408 (46 S. E. 2d, 915), this court said: "Unless there can be a valid waiver, the petition in a divorce case must still be deposited in the clerk's office at least twenty days before the term to which it is returnable, in accordance with the law as it existed before adoption of the new rules of procedure and before the enactment of the new divorce law. . . It may be said also that, notwithstanding the new rules of procedure and passage of the new divorce act, there is still no law whatever that would authorize the grant of a divorce *before* the first or return term as these expressions have been heretofore understood and applied." Cases are then cited in which this court, in actions not involving divorces, has held that the twenty days' service may be waived as between the parties. It is then clearly demonstrated that the State is "vitally interested in every divorce action, although it is not an actual party to the case"; and finally it is there held that an attempt to waive the twenty days' service in a divorce action is "void as being against the public interest."

The plaintiff in error contends that the wife is estopped from denying the validity of the divorce decree, and for this position relies upon *Davis* v. *Davis*, 191 *Ga.* 333 (11 S. E. 2d, 884). We do not think the *Davis* case authority for the position of the plaintiff in error. There the court was dealing with a divorce judgment regular in all respects on its face. The attempt to set aside the divorce decree was based upon the contention that the parties were not, at the time the divorce decree was granted, residents of the county in which the decree was granted and the court was therefore without jurisdiction of the divorce proceedings. The defendant appeared in court and admitted the jurisdiction of the court. The effect of the holding in the *Davis* case, and the cases there cited, is that, when the jurisdiction has once been in issue, the parties will not be allowed to again try that adjudicated issue in another proceeding. In the instant case, the divorce

decree was signed when the record before the court conclusively showed that the decree was not authorized, for the reason that the petition for divorce had been deposited with the clerk only eighteen days before the decree was signed.

In view of what has been said above, it must be held in this case that the divorce decree is null and void.

■ The next question presented is whether or not the judgment awarding alimony is a valid judgment. It is contended by the defendant in error that this judgment is valid for the reason that, since the divorce decree is void, the divorce proceeding is still pending in the court below and the petition for alimony is ancillary to the petition for divorce. The alimony petition makes the allegation that a divorce has been granted and both parties have remarried. The caption of the alimony petition is, "In the Superior Court. Petition for Custody and Control and for Support of Minor Child." To hold the petition for alimony to be ancillary to a pending divorce proceeding would be holding the petition to be something that it does not purport to be. Irrespective of whether or not the divorce proceeding is still pending, we do not think that this petition for alimony can be construed to be ancillary in its nature.

It appears that the judgment awarding alimony was by consent. The petition was filed in the clerk's office on January 11, 1947, and the judgment awarding alimony was dated January 17, 1947. Accordingly, the petition was filed in the clerk's office only six days before the judgment was rendered. We are, therefore, confronted with the question of whether or not, in a suit seeking only custody of a minor child and alimony, the requirement that the suit be filed twenty days before the appearance term can be waived.

The judgment in the alimony case purported to provide for permanent alimony. In *Langston* v. *Nash,* 192 *Ga.* 427, 429 (15 S. E. 2d, 481), this court said: "The superior court is without jurisdiction to render a judgment for permanent alimony before the appearance term; such jurisdiction can not be conferred by consent of the parties; and such a judgment, being void for lack of jurisdiction, can not be the basis of contempt proceedings against the defendant for failure to pay permanent alimony."

See *Seigler* v. *Seigler*, 181 *Ga.* 310 (181 S. E. 822); *Kantzipper* v. *Kantzipper*, 179 *Ga.* 850 (177 S. E. 679). Accordingly, the judgment awarding alimony in the instant case is void. This being true, the defendant could not legally be adjudged in contempt for failure to comply with a void judgment.

*Judgment reversed. All the Justices concur, except Hawkins, J., absent for providential cause.*