23211. HARTSFIELD COMPANY *v.* ROBERTSON *et al.*

DECIDED FEBRUARY 17, 1934.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff.

*William T. Dean, Dean J. Ratliffe,* for defendants.

MacINTYRE, J. Hartsfield Company sued G. C. Robertson, C. Mitchell, H. G. Cooper, and T. B. Thomas in the municipal court of Atlanta on a promissory note. No service of process was had on Cooper and Thomas, and Mitchell filed no defense. Judge Mc-Clelland rendered a judgment in favor of Robertson and against the company, and this judgment was affirmed in the appellate division of the municipal court. Hartsfield Company carried the case by certiorari to the superior court of Fulton county; the judge of that court overruled the certiorari, and Hartsfield Company excepted.

Hartsfield Company was a licensee under the "small-loan act (Ga. L. 1920, p. 215), and said note was given under that act. The action was joint and several, and the principal sought to be recovered was a balance of $124. The note declared upon was dated October 2, 1922, and reads in part as follows: "For value received, we, or either of us, promise to pay to the order of Hartsfield Company two hundred dollars." The note was signed by the defendants above mentioned, Robertson's name appearing first, with the word "maker" printed after it. The other defendants signed beneath Robertson's name, and after each of their names was printed the word "guarantor."

Robertson pleaded that the note declared upon was void because he was indebted to Hartsfield Company "in excess of $300 as principal," in violation of the "small-loan act." The last sentence of section 13 of that act reads: "No person shall owe any licensee, as such, at any time more than three hundred dollars ($300) for principal."

T. M. Waldrop, secretary of the Hartsfield Company, testified in part that G. C. Robertson was "indorser of the note of T. B. Thomas, dated September 9, 1930, on which there was a balance under date of October 4 of $144," and was "also indorser on the note executed on the 20th day of August, 1930, for W. E. Harkey, on which there was a balance of $68.67, and that his own loan and his indorsements amounted to $412.57."

It appears from the record that the Thomas and Harkey notes were of the same form as the note declared upon, and that they were signed in the same way. It also appears that there were other "indorsers" on those notes besides G. C. Robertson. It is also deducible from the brief of evidence that each note mentioned, including the one declared upon, was signed by all the parties at the time it was given; that the signer with "maker" after his name was the real borrower; and that the signers whose names were followed by the word "guarantor," signed the notes without consideration to themselves.

It being apparent that the total principal due on the notes signed by Robertson amounted to more than $300, it becomes material to determine the obligation assumed by the parties purporting to sign as "guarantors." Section 3538 of the Civil Code (1910) reads: "The contract of suretyship is that whereby one obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." A surety's contract "is equally absolute with that of his principal," and "they may be sued in the same action, and judgment may be entered up against both." *Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14, 17 (33 S. E. 701). "A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning. . . On the other hand, the contract of the guarantor

is his own separate undertaking, in which the principal does not join. It is usually entered into before or after that of the principal. . . The surety joins in the same promise as his principal and is primarily liable; the guarantor makes a separate and individual promise and is only secondarily liable." *Musgrove* v. *Luther Pub. Co.*, 5 *Ga. App.* 279, 281. In Westville and Hamden Loan Co. *v.* Pasqual, 109 Conn. 110, a defense was made under that portion of a statute identical in words with that part of our "small-loan act" quoted above. The headnotes of that case read in part as follows: "Co-makers of a note, who execute it without compensation and for the accommodation of another co-maker, are primary obligors and not simply surety-guarantors. . . Every contract made for or about any matter or thing which is prohibited and made unlawful by statute is a void contract, though the statute does not mention that it shall be so, but only inflicts a penalty upon the offender. Section 13 of the 'small-loans act' provides that loans of amounts not exceeding $300 by a licensee under the act at a greater rate of interest than three and one-half per centum a month, shall be void and unenforceable. This section concludes: 'No person shall owe any licensee, as such, at any time, more than $300 for principal.' Section 17 prohibits any unlicensed person, partnership or corporation, except as authorized by the act, from charging, contracting for, or receiving any interest or consideration greater than twelve per centum upon loans of the amount of $300 or less, and provides that a loan for a greater rate of interest or charge shall not be enforced and any person participating therein shall be subject to the penalty of section 18. Section 18 provides a penalty for the violation of sections 13 and 17 and certain other sections of the act. Defendants A and C, without compensation and as an accommodation to P, became co-makers with P of a note for $300 to the plaintiff, a licensee under the act. At the time of its execution each of them was already indebted to the plaintiff. In a suit upon the note it was held: 1. That the loan was made in violation of section 13 of the act, since the defendants were each primary obligors on the note and owed the plaintiff upon its execution more than $300. 2. That the legislature manifestly inserted the specific prohibition at the conclusion of section 13 in order to avoid the mischief which might be attempted by evading its limitation of loans by a licensee to one principal to $300, to carry out the remedial ob-

ject it had in view and from considerations of public policy. 3. That although sections 13 and 17, in specifying the grounds upon which small loans shall be void, do not specifically include the owing of any person to a licensee of more than $300, nevertheless the note in suit is void and unenforceable, since it is prohibited and made unlawful by the statute."

Under section 18 of our "small-loan act" any person violating section 13 of the act is guilty of a misdemeanor and subject to a fine or imprisonment, or both. Under the Georgia cases cited above, Robertson was an original promisor and primarily liable on each of the notes signed by him. The total principal due on these notes amounted to more than $300. It follows that Robertson owed Hartsfield Company more than $300 for principal, that the note declared upon was void, and that the judge of the superior court did not err in overruling the certiorari.

In view of the above holding, the question raised by the answer, that the note declared upon was void because interest in a sum larger than that permitted by the act was charged Robertson, becomes immaterial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*