111 Ga. App. 759 (1965)
143 S.E.2d 36
SECURITIES INVESTMENT COMPANY
v.
PEARSON.
41232.
Court of Appeals of Georgia.
Submitted April 5, 1965.
Decided May 27, 1965.
E. Louis Adams, for plaintiff in error.
Smith, Gardner, Kelley & Wiggins, Fred E. Bartlett, Jr., contra.
RUSSELL, Judge.
Under the provisions of the Georgia Industrial Loan Act a loan company may not "charge, contract for or receive directly or indirectly, on or in connection with any loan. *760 any interest, charges, fees, compensation or consideration which are greater than the rates for same provided herein" (Code Ann. § 25-303); may loan any sum of money not exceeding $2,500 and charge 8% of the first $600, 4% of the remainder, plus $1.00 (Code Ann. § 25-315); may not divide any contract into separate parts for the purpose or with the effect of obtaining charges in excess of these amounts (Code Ann. § 25-316); and may, after the loan has been paid off to below the maximum amount authorized, make a new loan a part of the proceeds of which is used to pay off the original loan, but, if the new loan is made within six months of the first, no fee may be charged on that part of the loan which is used to pay or apply to a prior loan "from the same licensee to the same borrower." Code Ann. § 25-315. "Any loan contract made in violation of this chapter is null and void." Code Ann. § 25-9903.
Under the former Small Loan Act (Ga. L. 1920, p. 215), now repealed, it was specifically provided that: "No person shall owe any licensee, as such, at any time more than $300 for principal." In Hartsfield Co. v. Robertson, 48 Ga. App. 735 (173 SE 201) it was held that Robertson, maker of a note in an amount less than $300, but endorser on other notes the total of all of which came to a sum in excess of $300, owed the company more than $300, for which reason the note was void. It would be simpler if the same language had been incorporated in the Industrial Loan Act, but there can be no doubt that the legislative intent was the same. When the statute provides that every licensee thereunder "may loan any sum of money not exceeding $2,500" it can mean nothing except that the company cannot be creditor to any particular person, firm or corporation at any one time for an amount in excess of this maximum, since it may of course make any number of loans, so long as the debtors are different persons. Where there are two loan contracts, and X is maker of one note and co-maker of another, then X has a primary liability on the total sum lent. It then becomes a question as to whether the restriction in amount is intended to be a restriction on the liability of the debtor or on the size of the particular contract. The purpose of the Act is to define and prevent usury. "One of the reasons on which the laws of usury are based is that the creditor shall not avail himself of the necessitous condition *761 of his debtor to exact of him burdensome and oppressive terms." Public Finance Corp. v. State, 67 Ga. App. 635 (21 SE2d 476), and see Robinson v. Colonial Discount Co., 106 Ga. App. 274 (126 SE2d 824). Since as to each new loan the lender is entitled to a fee which runs the total expense of the loan beyond the usury threshold, it is advantageous to the lender and injurious to the borrower to obtain by two loan contracts what he might obtain by one alone. If the debtor could have had a primary liability on an amount in excess of $2,500, it would have been cheaper for him to have contracted this liability by one instrument rather than by two. If he can obtain, and the company can lend, any sum without limit so long as there is a different co-signer on each note the purpose of the statute is in practical effect defeated.
It follows that in this case, where the plaintiff lent Pearson individually the sum of $2,500 and thereafter lent Pearson and another jointly $750, Pearson owed the company a sum in excess of $2,500, the maximum amount the company is permitted to lend. The loan contracts were accordingly void, and the trial court did not err in sustaining the general demurrers to the company's actions on the notes.
Judgment affirmed. Felton, C. J., and Jordan, J., concur.