## 55885. BANK OF EARLY v. BROUN et al.

SHULMAN, Judge.

R. C. Carter executed a promissory note to appellant. Appellees Broun and Justice executed an agreement entitled "Guaranty of Payment" on the reverse of the note, unconditionally guaranteeing payment of the note and "... all expenses (including attorney's fees) incurred in the collection thereof." Carter defaulted on the note and the bank obtained a judgment against him for principal and interest and for the attorney fees provided for in the note.

The bank then made demand on appellees that they perform according to their contract of guaranty, seeking the whole amount of the judgment against Carter. In conjunction with that demand, appellant served appellees with a notice of its intention to enforce the attorney fees provision applicable to the guaranty contract itself. Before the expiration of the 10-day statutory period during which appellees could have paid the amount of the judgment without incurring additional attorney fees

(Code Ann. § 20-506), appellees filed an action for declaratory judgment and other extraordinary relief.\ After the bank filed responsive pleadings, including a counterclaim for the whole amount of the judgment against Carter, both sides moved for summary judgment. The motion of appellees was granted and that of appellant denied. This appeal is from both rulings.

1. Appellees admitted their liability for that amount of the judgment comprising principal and interest on the loan to Carter. What they contest, and what is at issue here, is their liability for the attorney fees included in the judgment against Carter. The basis for their claim of no liability is the failure of appellant to serve them with notice of its intent to enforce the attorney fee provision of Carter's note.

Code Ann. § 20-506 (c) provides that the "... holder of the note or other evidence of indebtedness ... shall, after maturity of the obligation, notify in writing the maker, indorser or party sought to be held on said obligation that the provisions relative to payment of attorney's fees. .. shall be enforced." As to the note involved here, Carter was the party sought to be held liable on that obligation. It is uncontested that Carter was given proper notice.

Contrary to appellees' contentions, appellant is not seeking to hold appellees liable on the note executed by Carter. The liability of appellees is predicated on their contract of guaranty which is a promise separate from that of the maker of the note. *Hartsfield Co. v. Robertson,* 48 Ga. App. 735 (173 SE 201). This separate undertaking by appellees to guarantee payment in the event of default on the note gives rise to their liability. The note itself, without more, directly governs only the rights of the maker and the holder. The terms of the note do not contemplate a guaranty contract and therefore do not confer notice rights to the guarantors when the note is sought to be enforced against the maker by the holder. If appellees have a right to such notice, such right arises from their guaranty contract and not from the note. The language of their contract, guaranteeing payment including attorney fees, shows that it was within the contemplation of the parties that Carter's debt might include attorney fees.

We hold, for the reasons stated, that appellant was under no obligation to serve notice on appellees of its intent to enforce the attorney fee provision of Carter's note (assuming appellant acted in good faith; see Division 2, infra).

"Our statute touching the enforcement of promises to pay attorney's fees, it should be remembered, is in derogation of the common law, and is an abridgment of the ordinary right of contract; it is, therefore, to be strictly construed, and not to be extended to a case not clearly falling within its terms. This case does not fall within the letter of the act. Upon its special, particular features it may fall somewhat within what would be the spirit of the act, if the act were to be liberally construed; but it is not clearly within the spirit of the act, and the act is not to be liberally construed. " *Oliver Typewriter Co. v. Fielder,* 7 Ga. App. 525, 528 (67 SE 210).

When appellant served notice on Carter and he did not pay, the attorney fees provided by the note became a part of the debt owed by Carter. *Morgan v. Kiser & Co.,* 105 Ga. 104 (31 SE 45); *Evans v. Atlantic Nat. Bank of Jacksonville,* 147 Ga. 621 (2) (95 SE 219). By the terms of the guaranty contract, appellant then had a right to seek payment of the whole debt from appellees: it was no more than appellees agreed to pay. Summary judgment for appellees was improper.

2. Reversal of summary judgment for appellees does not require a reversal of the denial of appellant's motion for summary judgment. Appellees have asserted that appellant pursued the maker of the note to judgment not from any expectation of receiving satisfaction from that source but solely for the purpose of enhancing the amount for which appellees would become liable. They assert that appellant is, therefore, equitably estopped from seeking to recover from them that portion of Carter's debt which may be ascribed to attorney fees. The U. S. Supreme Court in Security Mortgage Co. v. Powers, 278 U. S. 149, 159 (1928), construing a predecessor of Code Ann. § 20-506, held: "It is asserted that the suit against the [debtor] was brought, not for the purpose of collecting the debt, but solely for the purpose of enhancing the amount which was obtainable without suit. . . If this is true, the statutory

provision designed for the protection of the debtor was employed solely as a means of oppression. We will not assume, in the absence of a decision by a Georgia court, that the Legislature intended to permit such use." We have found no Georgia decisions holding such a subterfuge to be a legitimate use of § 20-506.

Whether appellant pursued Carter solely to enhance the liability of appellees is a question of fact. Therefore, appellant was no more entitled to summary judgment than were appellees. The denial of appellant's motion for summary judgment was proper.

*Judgment reversed in part, affirmed in part. Bell, C. J., and Birdsong, J., concur.*

ARGUED MAY 22, 1978 — DECIDED SEPTEMBER 7, 1978—
REHEARINGS DENIED SEPTEMBER 25, 1978 —

*Stone & Stone, Lowrey S. Stone, William S. Stone,* for appellant.

*Thomas H. Baxley, Myers, Parks & Fennessy, Michael A. Fennessy,* for appellees.