## 34327. BROUN et al. v. BANK OF EARLY.

MARSHALL, Justice.

We granted certiorari to review Division 1 of *Bank of Early v. Broun,* 147 Ga. App. 271 (248 SE2d 512) (1978), wherein the Court of Appeals held that the guarantors of a promissory note were obligated to pay the attorney fees incurred by the holder in attempting to obtain payment of the note from the maker, even though the guarantors had not been given notice of the holder's intent to assess attorney fees against the maker if the principal and interest were not paid within 10 days.[1]

---

[1]In the present case, the guarantors guaranteed all expenses (including attorney fees) incurred in the collection of the guaranty agreement, as well as the note. Although the point is not raised, under the terms of the guaranty contract the guarantors do purport to waive "all notices whatever." However, it is settled that the statutory notice which the holder of a note is required to give as a condition precedent to the right to recover attorney fees can not be waived. *Miller v. Jackson,* 49 Ga. App. 309 (2b) (175 SE 409) (1934); *Miller v. Roberts,* 9 Ga.

Code § 20-506 (c) requires the holder of the note, or other evidence of indebtedness,[2] to notify the maker, endorser[3] or party sought to be held liable that the provisions relative to payment of attorney fees will be enforced unless the principal and interest are paid within 10 days from the receipt of notice. For a history of this Code section, see *General Electric Corp. v. Brooks,* 242 Ga. 109 (249 SE2d 596) (1978).

The trial court found that the guaranty contract treats the guarantors as endorsers. For this reason, the trial court ruled that the guarantors were entitled under Code § 20-506 (c) to notice of the holder's intent to assess attorney fees against the maker before these attorney fees could be charged against the guarantors.

Applying one of the basic distinctions between sureties and guarantors, to wit, that the surety is jointly and severally liable on the same instrument as the principal debtor whereas the guarantor is separately bound under the guaranty contract,[4] the Court of Appeals held that Code § 20-506 (c) does not entitle the guarantor of the note to notice of the holder's intent to assess attorney fees against the maker, since the guarantor is not the party sought to be held liable on that obligation, i.e., the note.

Accordingly, the Court of Appeals reversed the judgment of the trial court. For reasons which follow, we find that we are in agreement with the trial court and in disagreement with the Court of Appeals. We therefore reverse the judgment of the Court of Appeals.

In the present case, the guarantors undertook their

App. 511 (3) (71 SE 927) (1911). Accord, *Tatum v. Tatum,* 203 Ga. 406 (46 SE2d 915) (1948).

[2]A guaranty contract is an "evidence of indebtedness" within the meaning of Code Ann. § 20-506 (c). *Goldstein v. Ipswich Hosiery Co.,* 104 Ga. App. 500 (16) (122 SE2d 339) (1961).

[3] The word "endorser" is actually spelled "indorser" in Code § 20-506 (c).

[4] See *Hartsfield Co. v. Robertson,* 48 Ga. App. 735 (173 SE 201) (1934).

obligation by signing a "guarantee of payment" on the reverse side of the note. Thus, the guarantors, in effect, endorsed the note, becoming what is referred to under the UCC as an "accommodation party." See Code Ann. § 109A-3—415 (Ga. L. 1962, pp. 156, 262). Under the terms of the "guarantee of payment," the guarantors consented to being sued without the holder's joining the maker and without the holder's first suing the maker. Thus, the guarantors guaranteed payment of the note, rather than collection, within the meaning of Code Ann. § 109A-3—416 (Ga. L. 1962, pp. 156, 263). Under traditional Georgia law, this would make them sureties rather than guarantors. See 13 EGL 598, Guaranty and Suretyship, § 53. But, see Code Ann. § 109A-1—201 (40) (Ga. L. 1962, pp. 156, 161; 1963, pp. 188, 189), which defines surety to include guarantor.

Notwithstanding these technical distinctions between guarantors and sureties, the guarantors of this note did endorse it, and Code § 20-506 (c) does require that endorsers be given notice that attorney fees will be assessed if the principal and interest are not paid within the statutory 10-day period.

*Oliver Typewriter Co. v. Fielder,* 7 Ga. App. 525 (67 SE 210) (1909) was decided under a predecessor of Code § 20-506 (c), which required only the "debtor" or "defendant" to be given notice. *Oliver Typewriter* is inconsistent with our decision today, and it is disapproved.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED DECEMBER 29, 1978 — DECIDED MARCH 7, 1979 — REHEARING DENIED MARCH 27, 1979.

*Thomas H. Baxley, Myers, Parks & Fennessy, Michael A. Fennessy,* for appellants.

*Stone & Stone, Lowrey S. Stone, William S. Stone,* for appellee.

HILL, Justice, concurring in judgment.

The holder who seeks attorney fees from another

must give notice in writing to the proposed payor, whether maker, endorser, surety or guarantor. Code Ann. § 20-506 (c).